CLINTON GURNEE, APPELLANT, v. THOMAS MALONEY, Administrator
of the Estate of DANIEL LYONS, Deceased, RESPONDENT.

DISTRICT COURT—WANT OF JURISDICTION IN.—The District Court has no juris-
diction of an action against an administrator, which seeks to charge the estate
with expenses of administration.

EXPENSES OF ADMINISTRATION—JURISDICTION OF PROBATE COURT OVER.—Services
rendered and money advanced, at the request of an administrator, for the benefit
of an estate, are "expenses of administration;" and the Probate Court has
exclusive original jurisdiction to adjust and enforce such demands.

APPEAL from the District Court of the Third District,
County of Santa Clara.

The plaintiff appealed.

The opinion presents a statement of the case.

*Geo. A. Nourse,* for Appellant.

The statute makes no distinction in the method of enforc-
ing claims against an estate, whether they be incurred by
the deceased, or by the persons having the lawful manage-
ment of the estate, after his death.  In either case, the
claims are to be presented to the administrator and the Pro-
bate Judge for allowance.  If either rejects them, the claim-
ant has his suit in whatever Court has jurisdiction; the
jurisdiction being determined, as in other cases, by the
amount claimed.  Sections 131 to 140, Probate Act, inclu-
sive.

The claim set forth in the complaint is for *services rendered
the estate,* in securing for the estate all the property now
belonging to it.  It has nothing to do with the administra-
tor's commissions, nor with the fees of an attorney employed
by the administrator to advise him in relation to his duties.
The services are shown by the complaint to be ultimately
*wholly* for the estate, only for the administrator as agent for
the estate, and in no manner for his own benefit personally.
The claim is thus against the estate, and not against the
administrator personally.  In bringing suit to enforce a
claim against the estate, the administrator must be made
defendant, as administrator.  Although employed through

the agency of Walsh, the original administrator, the plaintiff was employed not for Walsh *personally;* only for him as administrator, as representing the estate. Walsh being subsequently removed, the plaintiff necessarily brings his suit against the defendant, who now represents the estate; not against Walsh, who has no longer anything to do with it.

The change of administrators no more affects the liability of the estate, than a change of agents, or attorney, affects the liability of a principal, in any other transaction. It is *the estate* which is liable; it is *the estate* which is sued, whoever is made nominally defendant by reason of being administrator at the time suit is brought. The judgment, if in favor of plaintiff, will be, in effect, that the estate pay the bill through the instrumentality of the administrator. To bring suit against the administrator personally, for services rendered the estate, would be simply absurd. (*Portis* v. *Cole,* 11 Texas, 157.)

*Moore, Laine & Silent,* for Respondent, argued:

*First*—That the jurisdiction of the District Court, over probate matters, is that of chancery, except as to claims that were debts of the deceased in his lifetime.

*Second*—That the probate law does not provide for the presentation and allowance of any demand against an estate that has its origin subsequent to the death of the party; but that demands of this kind, if proper, constitute a part of the costs and charges of administration, to be fixed and settled by the Probate Court, upon the settlement of the administrator's accounts, and upon notice to the parties in interest. .

*Third*—That the District Court has no jurisdiction of the matter of the proper costs or charges of administration, but that the remedy is in the Probate Court, unless the chancery powers of the District Court are invoked to set aside a decree for fraud, or the like. (*Deck's Estate* v. *Gherke,* 6 Cal. 669; *Hope* v. *Jones,* 24 Cal. 93.)

SAWYER, C. J.. delivered the opinion of the Court:

This is an action to recover counsel fees and moneys against the estate of Daniel Lyons, deceased, for services alleged to have been rendered, and moneys expended for the benefit of the estate, at the urgent request of the former administrator, one Walsh, in the prosecution of certain claims in favor of the estate, in the Land Office at San Francisco. The services and advances of moneys, at the request of Walsh, as administrator, are alleged; that Walsh's letters have since been revoked, and the defendant appointed; that property was saved to the estate in consequence of the services and advances made; that Walsh has no funds in his possession, and retained none, wherewith to pay for said services, etc. ; that the assets are amply sufficient to pay all the debts of the estate; that Walsh is insolvent; that he has presented his claim to the defendant, as administrator, verified in due form, and that defendant, as administrator, has refused to allow it.

Defendant demurred to the complaint on the grounds: Firstly—That the District Court has no jurisdiction; and, Secondly—That the complaint does not state facts sufficient to constitute a cause of action against the defendant. The demurrer having been sustained, judgment for defendant was entered thereon, and plaintiff appeals.

Conceding the liability of the estate upon such contracts as are set forth in the complaint, we do not think they constitute claims against the estate within the meaning of Sections 128 to 140, inclusive, of the Probate Act. The claims therein referred to are such as accrued against the intestate in his lifetime, or resulted directly from contracts made, or acts performed, or wrongfully omitted to be performed, during his lifetime.

The charge now in question, if necessary and proper to preserve the estate, comes under the head of expenses of administration referred to in Section 219. The whole estate is in the custody and under the control of the Probate Court. It has jurisdiction of the whole subject-matter, and it is its

exclusive province, subject to appeal to this Court, to determine what items of expenditure incurred during the administration under its own supervision, are proper charges against the estate. The Constitution and statutes commit these matters to the Probate Court, except when there arises some special grounds for equitable cognizance to give jurisdiction to the District Court. Such seems to be the view entertained by our predecessors in *Deck's Estate* v. *Gherke* (6 Cal. 669), where, after speaking of the effect of the allowance of claims against the estate, it is said : "This rule applies only to such claims as were debts against the deceased, *and not to the expenses incurred or disbursements made by the administrator in his management of the estate, which latter claims are conclusive only after having been allowed by the Probate Court, upon settlement of the account, after notice to the parties interested.*" We think this correct. The parties interested in the estate are entitled to be heard upon the propriety of such expenditures; otherwise, the administrator might, through judgments collusively permitted in the District Courts, allow the whole estate to be squandered. The heirs and creditors cannot be heard in such actions in the District Court. In *Hope* v. *Jones*, (24 Cal. 93), we held that the District Court had no jurisdiction to interfere with the apportionment of commissions between administrators, in a suit by an administrator against his co-administrator. If the District Court has no jurisdiction to entertain such a suit, we do not see why it should have jurisdiction to intermeddle in any other matter purely of administration.

Walsh may be personally liable on his contract. (*Dwinelle* v. *Henriquez*, 1 Cal. 392; Story on Cont. 282–7; Addison on Contracts, 382.) Had the plaintiff sued Walsh in his individual character, and recovered, Walsh could have presented the amount recovered in his accounts, but it would then devolve on the Probate Court to determine whether the liability was properly incurred on behalf of the estate, and to what extent it was a proper charge against the estate. The heirs and creditors would be entitled to be heard upon the charge. The judgment of the District Court would not

be conclusive, upon such hearing, either upon the propriety or extent of the charge.

We think, in such cases, the District Court has no jurisdiction to determine the question whether the item is a charge properly incurred in the administration of the estate, or not. The cases from our own reports cited by appellant do not appear to us to bear upon the question in hand. The case of *Portis* v. *Cole, administrator* (11 Texas, 157), seems to favor appellant's view; but unless the Constitution and statutes of Texas differ from ours, we are unable to perceive upon what principle it can be sustained. The assumption of jurisdiction by the District Court, to hear and determine such questions, would, it seems to us, be a direct interference with the administration of an estate actually in progress under the supervision of the Probate Court.

We think the District Court had no jurisdiction, and that the demurrer was properly sustained.

Judgment affirmed.