### S. A. HACKWORTH v. CHARLOTTE AND JOSHUA ENGLISH.

#### (Case No. 3682.)

1. CITATION — PRACTICE. — Service was made upon several defendants who were made parties by supplemental petition, under citations which described the copies of the petition which the sheriff was commanded to serve, as being against the original defendant and those made defendants by the supplemental petition. The return of the sheriff showed that the defendants were served with the accompanying certified copies of petition, but did not show in terms that each defendant was served with a copy of the original and supplemental petitions. No motion to quash service, or other objection, was made in the court below. *Held* —
    1. That in support of the judgment, in view of the case presented by the record, it will be presumed that defendants were properly cited.

2. DISMISSING AS TO DEFENDANTS NOT SERVED. — See statement of case for facts, under which it was held that the judgment was not affected by an order dismissing the suit as to parties not served.

3. PARTIES — PRACTICE. — Whether the fact that the institution of a suit by husband and wife, for the recovery of community property, would be erroneous or not, when no injury thereby is shown by a defendant against whom they recovered judgment, it will not be sufficient to authorize a reversal when the question is raised for the first time in the supreme court.

4. SAME. — A judgment recovered in such a suit would be binding on the husband.

5. DESCRIPTION. — See statement of case for description of a tract of land as set forth in a petition to foreclose a vendor's lien thereon, held sufficiently certain.

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

Joshua English and his wife Charlotte brought suit against S. A. Hackworth upon two notes dated May 17, 1876, payable to Charlotte A. English, or order, and given in part payment for the purchase of a tract of land, on that day conveyed by Charlotte and Joshua English to Hackworth, and secured by a vendor's lien. The petition contained a prayer for judgment for amount of the debt and foreclosure of the vendor's lien.

On the 2d day of November, 1877, plaintiff filed a supplemental petition, alleging that others named in the amendment, including Elijah Bryant and Aleck Byars, were occupying the land upon which plaintiff sought to foreclose her lien, asserting title to a portion thereof by purchase from defendant Hackworth, and prayed for service on them and for judgment, as in the original petition.

On the 11th of January, 1878, plaintiffs dismissed their suit as to defendants Elijah Bryant and Aleck Byars not served, and took judgment by default against Hackworth for the amount of their debt, and against him and the remaining defendants for foreclosure of the vendor's lien, with an order of sale.

On the 7th of February, 1878, all of the defendants against whom judgment was rendered gave notice of appeal.

Hackworth alone was named as defendant in the original petition.

The supplemental petition, making the other named defendants parties, contained no allegation other than that the new defendants were in possession of the land upon which plaintiff sought to foreclose her lien, and which is fully described in her original petition, and assert title to a portion thereof by purchase from defendant Hackworth.

The citation issued on the 9th of November, 1877, to each of the new defendants, required him to answer the petition of Charlotte A. English and Joshua English, " now on file in said court, against S. A. Hackworth, George Bostick, Elijah Bryant, Aleck Byars, Agnes Cain, Ed. King, James Mitchell and John Punchard, a certified copy of which accompanies this writ."

The tract of land foreclosed on was described as follows:

"Fifteen hundred acres of land out of the following described tract of land, lying and situated in Fort Bend county, state of Texas, to wit: Three-fourths of a league, or 3,321 acres of land, and bounded and described as follows, viz.: Beginning at the northeast corner of land granted to Powell, and which land forms a corner of the sitio granted to Northington, 2,150 varas N. 60 degrees E. from the bayou, a mound of earth in the prairie, from which runs a line east, and follows the meridian line of Northington 1,872 varas, where there is a raised mound of earth in the prairie for a corner, from which said mound runs another line S. 36½ degrees E. 10,000 varas to a mound for a corner; from said mound runs another line S. 60 degrees W. 500 varas to a corner northeast of the sitio of the widow Powell, and northeast of the sitio of Isaac McGary, and from this point, a corner, runs another line N. 65 degrees W., and following the boundary line of McGary 5,130 varas is another boundary of McCormack; from this point or corner N. 60 degrees E. 725 varas to the corner of the land of McCormack, and from thence runs another line N. 30 degrees W., and following the boundary of land of the before mentioned McCormack 6,447, to the point of beginning," etc.

The said 1,500 acres being conveyed to the said C. A. English, is to be taken off the south or north end of the above described survey after H. Morrison shall select 500 acres sold to him off the northwest corner of said survey, as the said C. A. English may select; said 1,500 acres to commence at any corner the said C. A. English may designate, and to run across the entire length of said three-fourths of a league, out a sufficient depth to make the 1,500 acres.

The description is more apparent from the plat.

*Sayles & Bassett* for appellants.

I. None of the defendants except S. A. Hackworth were properly made parties to the suit so as to authorize a judgment against them. The citation issued on the 9th of November, 1877, to each of the new defendants, requires him to answer the petition of Charlotte A. English and Joshua English, now on file in said court, against S. A. Hackworth, George Bostick, Elijah Bryant, Aleck Byars, Agnes Cain, Ed. King, James Mitchell and John Punchard, a certified copy of which accompanies this writ. The foregoing proposition involves two minor propositions. First, each defendant should have

been served with a copy of the original and supplemental peti-
tions.   Pasch. Dig., arts. 1427, 1430.   Second, the fact of
service of the original and amended petitions must be affirm-
atively shown.   Pasch. Dig., art. 1433; Underhill *v.* Lockett,
20 Tex., 130.

II.  There is a misjoinder of parties plaintiffs which re-
quires a reversal of the judgment.   In connection with this
proposition, the following matters apparent of record are to be
considered.   The petition is filed by Charlotte A., who is
joined by her husband, Joshua English, upon a note executed
to the said Charlotte during her coverture, and they recover a
joint judgment against the defendants.   The foregoing propo-
sition involves two minor propositions.   First, a note executed
to a married woman during coverture is *prima facie* commu-
nity property.   Pasch. Dig., art. 4642; Hemmingway *v.* Math-
ews, 10 Tex., 207; Wells *v.* Cockrum, 13 Tex., 127.   Second,
when the husband joins the wife in a suit to recover property
as the property of the wife, a recovery cannot be had unless
the property be proved to belong to the wife, and although it
be proved to be the property of the husband.   Owen *v.* Tank-
ersley, 12 Tex., 405; Hatchett *v.* Conner, 30 Tex., 104; Hol-
loway *v.* Holloway, id., 174.

III.  The description of the land in plaintiff's petition, upon
which plaintiffs seek to foreclose the vendor's lien, is vague
and uncertain, and does not authorize a judgment of foreclos-
ure.   Hurt *v.* Moore, 19 Tex., 269; Pressley *v.* Testard, 29
Tex., 199; Hearne *v.* Erhard, 33 Tex., 60.

IV.  It is shown by the record, that parties in possession of
the land and claiming title thereto, were not parties to the
judgment.   Hall *v.* Hall, 11 Tex., 526; Preston *v.* Breedlove,
45 Tex., 47; Carter *v.* Attoway, 45 Tex., 108.   The supple-
mental petition alleges that Elijah Bryant and Aleck Byars,
residents of Fort Bend county, are with others in possession
of the land upon which plaintiff seeks to foreclose her lien, and
assert title to a portion thereof by purchase from the defend-
ant Hackworth.   The return on the citation for these parties

shows a defective service of process on Aleck Byars, and that Elijah Bryant is not to be found. The judgment recites that plaintiff will no longer prosecute his suit as to the defendant Elijah Bryant and Aleck Byars, not served. The foregoing proposition involves two minor propositions. First, that in a suit of this character, the defendants Byars and Bryant being necessary parties, the plaintiff could not discontinue as to them. Carson v. Moore, 23 Tex., 450. Second, that as to Aleck Byars, the case is not within the statute. Pasch. Dig., art. 1448.

*Shepard & Garrett* for appellees.

I. All of the defendants against whom judgment was taken were properly made parties to the suit. Pasch. Dig., arts. 1427, 1430, 1433.

II. It is an immaterial error to join a married woman with her husband as party plaintiff in a suit upon a note payable to her order, although it is community property.

III. The description of the land is sufficiently certain. Hunter v. Morse, 49 Tex., 219.

IV. Parties in possession of the land are necessary parties only for the purpose of binding them. Carter v. Attoway, 46 Tex., 111.

V. The plaintiffs had the right to dismiss as to Aleck Byars and Elijah Bryant, not served. Pasch. Dig., art. 1448.

VI. A defective service is no service, and suit may be dismissed as to a party defectively served. As to the description, it may be rendered sufficiently certain. From an inspection of the plot it will appear that the one-third league survey makes an angle in the northwest corner, so that it is evident where the Hiram Morrison survey will lie, which was to be first selected by him; then Mrs. English is to cut 1,500 acres off the north end, subject to Hiram Morrison's 500 acres, or off the south end, running clear across the three-quarters league, and out a sufficient depth for quantity. The land lies

on the south end or the north end of the balance, after cutting off Hiram Morrison's 500 acres out of the northwest corner. Mrs. English had the right to make the choice. Hackworth as her vendee had it, and a purchaser under the decree of foreclosure would succeed to the right. It is a description under which the land can be identified.

BONNER, ASSOCIATE JUSTICE.— Although not necessary that an appeal bond should be signed by the defendants to the judgment, yet from the fact that the bond in this case is signed by the defendant Hackworth, and not by the others, and as it in terms purports to be conditioned that the "defendant" shall prosecute the appeal, and perform the sentence, judgment or decree of this court, in case the decision shall be against the "appellant," it might very reasonably be construed to be an appeal bond for defendant Hackworth only.

If this were so, then the question whether the other defendants had been properly cited, would not be before us.

The counsel for both parties, however, treat the case as an appeal by all the defendants to the judgment below, and we will thus consider it.

The judgment recites that all the defendants were duly cited. There is no question but that Hackworth was before the court, as he accepted service. The supplemental petition of plaintiffs by which the other defendants were sought to be made parties, prayed that they be served with a copy of both the original and supplemental petitions. This supplemental petition was exhibited, not against Hackworth, but the other defendants. The citations issued in pursuance thereof, described the copies of the petition which the sheriff was commanded to serve, as against Hackworth and the other defendants, naming them, and the return of the sheriff shows that they were served with the accompanying certified copies of petition. There was no motion to quash service or other objection taken to it, because a copy of both the original and supplemental

petitions was not served. We think that the record presents such case as that, in support of the judgment, it will be presumed that the defendants were properly cited.

We do not think the objection well taken, that the court could not dismiss as to some of the defendants not cited.

It is evident from the allegations in the pleadings (and counsel for both parties so consider it), that the notes sued on were community property of plaintiffs, Joshua English and his wife, Charlotte English. Being community property she had a direct interest in them.

If the fact that if a suit for community property should be brought in the names of both husband and wife, would in any event be material error, we are of opinion that under the circumstances of this case, when no injury is shown to have resulted thereby, and when the question is for the first time raised in this court, it would not be sufficient for reversal.

Although under the statute the husband has the right to the sole management of the community property, yet if he himself chooses to permit a suit therefor to be brought in the joint names of himself and wife, those whose rights are not affected thereby should not complain. The judgment in such suit would be binding on the husband, and would not come within the doctrine of Owen v. Tankersley, 12 Tex., 405; Hatchett v. Conner, 30 Tex., 104; Holloway v. Holloway, 30 Tex., 174.

The description of the tract of three-fourths of a league of land is sufficient to identify it.

The description of that part of it containing fifteen hundred acres, upon which the vendor's lien was enforced, was dependent upon a selection to be made by Mrs. English, by which it also would be rendered certain. Until this selection was made, English and wife owned an undivided interest in the land susceptible of sale, and subject to the vendor's lien.

It would seem that Hackworth, by virtue of his purchase from them, acquired himself this right of selection. But whether he did or not, he could legally have compelled a se-

lection, and thus have had the description of the fifteen hundred acres purchased by him made certain.

As he neither made this selection himself nor caused the same to be made, he should not be heard to object that the description in his deed and under which he obtained and held possession, is too uncertain. Judgment affirmed.

**Affirmed.**

[Opinion delivered June 22, 1880.]