DODSON, Ex'R, respondent, v. NEVITT, appellant.

PLEADING — *Motion to strike out* — *Action of court on, how reviewed.* — The action of the court on a motion to strike out a counterclaim will be deemed excepted to without a formal bill of exceptions, and will be reviewed on an appeal from the judgment.

PROBATE PRACTICE — *Estate of decedent* — *Presentation of claim* — *Action against.* — No action on a claim against the estate of a deceased person for work and labor can be maintained, unless the same has been presented to the executor or administrator for allowance, in the manner prescribed by sections 155 and 157 of the general statutes.

SAME — *Claims for services performed for benefit of estate, how enforced.* — Services performed for the benefit of an estate, at the request of the executor thereof, and subsequent to the death of the testator, are included within the expenses of administration, and are not "claims" against the estate within the meaning of such sections. The probate court has exclusive jurisdiction to pass upon the demand for such services, and the same cannot be set up as a counterclaim to an action by the executor.

*Appeal from First District, Gallatin County.*

E. W. & J. K. TOOLE and WM. WALLACE, JR., for appellant.

A motion to strike out counterclaim from answer is equivalent to demurrer, and exceptions are deemed as taken thereto. R. S. p. 91, sec. 280.

Can a liability created by an executor in his official capacity be offset against a suit brought on a claim due the estate? It is not such a claim as is provable against the estate, but one that should be settled by him and included for allowance among administration expenses.

F. K. ARMSTRONG, for respondent.

No action can be maintained to charge an estate of a deceased person unless the claim has previously been presented to the executor for allowance. *Eustace v. Jahns*, 38 Cal. 3–23; R. S. p. 220, sec. 151; p. 222, sec. 157.

The district court has no jurisdiction of an action against an executor, covering a charge against estate for

expenses of administration. *Gurnee* v. *Maloney*, 38 Cal. 85.

It is against the policy of the law for estates to be consumed with costs. If the claim is just, it is presumed that it will be allowed on presentation. It is the business and duty of an executor to wind up the affairs of an estate, not to carry on business in its behalf. If executor exceeds his authority, he is personally responsible.

The answer did not allege that the counterclaim had ever been presented for allowance, and in this did not state facts sufficient to constitute a counterclaim.

In reply: 1. An executor may be sued upon a claim arising on a contract made by him in his official capacity, like any one else, without previous presentment for allowance. 2. The district court has jurisdiction of such a demand. 3. It was manifest error to refuse to allow the pleading of this counterclaim.

The constitution of California confers exclusive jurisdiction in such cases as this on probate court. But under our organic act the district court alone has common law jurisdiction, and can apply common law remedies to enforce common law rights. 14 Peters, 282; 58 N. Y. 474; 59 N. Y. 586; 11 Texas, 157.

WADE, C. J. This is an action instituted by the respondent, as executor of the estate of Thomas B. Warfield, deceased, to recover rents from the appellant for the use and occupation of the real estate of the deceased. The appellant in his answer, after denying that he is indebted to the respondent for the use and occupation of the premises described in the complaint in any sum whatever, sets up a counterclaim, and alleges that the estate of Warfield is indebted to him in the sum of $949.50, for work, labor and services performed for the respondent as such executor at his special instance and request, as clerk and salesman, and in taking charge of a certain stock of

hardware, stoves and tinware for the period of seventeen months and ten days, and for certain repairs on the roof of the premises described in the complaint.

Thereupon, the new matter alleged by way of counter-claim was stricken out on motion of respondent, and this action of the court is assigned as error.

The motion was, in effect, a demurrer to the counter-claim, for the reason that the same did not state facts sufficient to constitute a cause of action against the respondent, and like a demurrer, when overruled or sustained, will be deemed excepted to without a formal bill of exceptions, and the questions presented come properly before the court on appeal from the judgment. The estate of a deceased person is within the jurisdiction and under the control of the probate court. Executors and administrators are appointed by, and render their accounts to, that court, and the whole subject-matter of estates, their settlement and distribution, comes within its jurisdiction and under its scrutiny. Claims against the estate are those in existence at the date of the death of the deceased. Other claims against an estate are those incurred by the administrator or executor in settling the estate, and are properly denominated expenses of administration. Claims against an estate must be presented to the administrator or executor for allowance; the expenses of administration are subject to objection and exception by those interested in the estate, and are finally passed upon by the probate judge when the administrator or executor renders his accounts. Our statute provides that every executor or administrator, immediately after his appointment, shall give notice to the creditors of the deceased, requiring them to present their claims, and that every claim presented for allowance must be supported by the oath of the claimant. Secs. 147, 151. If the claim is rejected, the holder thereof must bring suit thereon within three months, in the proper court, against the executor or administrator, otherwise the claim is

barred. Sec. 155. Section 157 provides as follows: "No holder of any claim against an estate shall maintain an action thereon, unless the claim is first presented to the executor or administrator."

Under similar statutes, it has been held a condition precedent to the right to maintain an action on a claim against an estate, that the same be first presented to the administrator for allowance or rejection. In *Eustace* v. *Jahns*, 38 Cal. 23, the court says: "We are clearly of opinion that, under statutes of this state, no action can be maintained upon a simple money demand or claim against an estate, whether such demand or claim be based upon simple or special contract, or any other legitimate basis for a claim or demand payable out of the general assets, until the same has been duly presented to the administrator for allowance, and by him disallowed or retained for more than ten days without indorsement of his action thereon."

The claim of the appellant for services as salesman in taking charge of the stock of hardware and goods mentioned, was never presented to the executor for allowance or rejection, and for that reason he could not have commenced and maintained an action thereon, or upheld the same as a counterclaim to the respondent's action. For another reason, the matter alleged as a counterclaim must fail. It does not constitute a claim against the estate, within the meaning of the sections of the statute above referred to. It did not exist, as a claim, at the date of the death of the deceased, nor did it grow out of any contract, or act, or omission of his during his lifetime. If the executor had the right to employ a clerk and salesman to take charge of said stock of goods, the pay and compensation for such service belongs to the expenses of administration, and the amount paid therefor properly goes into the accounts of the executor, to be passed upon by the probate judge. In so passing upon

said account, the probate judge would inquire into the authority of the executor in contracting for such service, and whether, under the circumstances, the same was rendered in the interest of the estate.

The case of *Gurnee* v. *Maloney*, 38 Cal. 85, was an action to recover counsel fees and moneys against an estate for services and moneys expended for the benefit of the estate, at the request of the administrator. The defendant demurred to the complaint, upon the ground that the district court had no jurisdiction, and that the complaint did not state facts sufficient to constitute a cause of action against the defendant. In deciding the case, Sawyer, C. J., says: " Conceding the liability of the estate upon such contracts as are set forth in the complaint, we do not think they constitute claims against the estate, within the meaning of sections 128 to 140, inclusive, of the probate act. The claims therein referred to are such as accrued against the intestate in his life-time, or resulted directly from contracts made, or acts performed, or wrongfully omitted to be performed, during his life-time. The charge now in question, if necessary and proper to preserve the estate, comes under the head of expenses of administration. The whole estate is in the custody and under the control of the probate court. It has jurisdiction of the whole subject-matter, and it is its exclusive province, subject to appeal to this court, to determine what items of expenditure incurred during the administration, under its own supervision, are proper charges against the estate." The judge then quotes with approval the following from the case of *Deck's Estate* v. *Gherke*, 6 Cal. 669, where, after speaking of the effect on the allowance of claims against the estate, it is said: " This rule applies only to such claims as were debts against the deceased, and not to the expenses incurred or disbursements made by the administrator in his management of the estate, which latter claims are conclusive only after

having been allowed by the probate court, upon settlement of the account, after notice to the parties interested."

The heirs and creditors, all the persons interested in the estate, had the right to be heard upon the propriety of the claim of appellant for his services as clerk and salesman. The place for such hearing is in the probate court, after the executor has rendered his account of expenses and disbursements, and upon notice thereof to the parties interested. Such parties could not be heard in this action. If the district court could render judgments on such claims, they might never be heard at all, and the probate court, whose peculiar province it is to hear and determine all matters concerning the expenses and disbursements attending the administration of an estate, and wherein the heirs, legatees and creditors may be heard as to the propriety of such expenses and disbursements, might be robbed of the jurisdiction conferred by the statute. The district court has not original jurisdiction to hear and determine whether the items of the expenses of administration, such as that mentioned in the counterclaim of appellant, were properly incurred or not. Such matters belong to the probate court, in which the parties interested may be heard before their rights and interests are adjudicated and determined.

Judgment affirmed.