[Civil No. 1312.   Filed October 8, 1913.]

[135 Pac. 724.]

W. L. GARVER and MAUDE GARVER, His Wife, and MAUDE GARVER, Executrix of the Estate of E. O. SLOCUM, Deceased, and E. E. PASCOE, Intervener, Appellants, v. A. J. THOMAN and ELIZABETH THOMAN, His Wife, Appellees.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS—"CREDITOR."—"Creditors" of an estate are those who have become such because of dealings or transactions with the decedent in his lifetime, and not those dealing with the executor after decedent's death, and the claims of "creditors" are debts or obligations with which the personal repre-

sentative had nothing to do originally, but which are to be verified, proved, and allowed, as provided by Civil Code of 1901, paragraphs 1743, 1745, 1746.

2. EXECUTORS AND ADMINISTRATORS — CLAIMS—REJECTION—STATUTE.— Where an executor, or the superior judge sitting in probate, rejects the claim of a creditor against the estate, the creditor may sue the executor thereon in a proper court, as provided by Civil Code of 1901, paragraph 1744.

3. EXECUTORS AND ADMINISTRATORS—DUTIES—FINANCIAL OUTLAYS— PREFERRED CLAIMS—"EXPENSES OF ADMINISTRATION."—Civil Code of 1901, paragraph 1851, declares that the executor shall be allowed all necessary expenses in the care, management, and settlement of the estate, including reasonable attorney's fees, and for his services as executor, and paragraph 1878 provides that he may retain in his hands the necessary expenses of administration. *Held*, that financial outlays necessarily made by an executor in the performance of his duty to discover and preserve the assets of the estate are not claims against the estate, but expenses of administration, and are therefore allowable to the executor as preferred claims over demands owing by the estate.

4. COURTS — SUPERIOR COURT — PROBATE JURISDICTION. — Constitution article 6, section 6, conferring on the superior court original jurisdiction in all matters of probate, did not affect the existing rules of procedure as to probate matters; but the superior court, so far as its probate jurisdiction was concerned, became a court of probate, in which such rules were applicable.

5. EXECUTORS AND ADMINISTRATORS—EXPENDITURES—ACCOUNTING.—All persons interested in a decedent's estate, including heirs and creditors, are entitled to be heard on the legality and amount of any charge by the executor for money paid out or contracted as a part of the expense of administration, when the current accounts, including his claims for such expenditures, are presented for allowance.

6. EXECUTORS AND ADMINISTRATORS—CONTRACT WITH EXECUTOR—ENFORCEMENT.—Where a person has contracted with an executor who refuses to acknowledge and discharge his obligation, he may be sued personally on his contract, and if compelled to pay may include the amount in his current account.

7. HUSBAND AND WIFE—SERVICES OF WIFE—COMMUNITY PROPERTY— ACTION—JOINDER OF HUSBAND.—Civil Code of 1901, paragraph 1299, provides that every action shall be prosecuted in the name of the real party in interest, and paragraph 1302 declares that the husband shall be joined when the wife is a party in all cases except those concerning her separate property, or when the action is between husband and wife. Paragraph 3104 declares that the earnings of a wife while living with her husband shall be community property. *Held*, not error to join a husband in an action by his wife

to recover commissions for a sale of real property by her as a broker.

8. APPEAL AND ERROR—HARMLESS ERROR—PARTIES.—Error, if any, in joining a husband as party plaintiff in his wife's action to recover broker's commissions earned by her while living with him as his wife was at most a technical error in pleading, affecting no substantial right of the defendants, and was therefore not ground for reversal of a judgment for plaintiff, as provided by Constitution, article 6, section 22.

9. HUSBAND AND WIFE—MARRIED WOMEN—CONTRACT FOR SERVICES.— Civil Code of 1901, paragraph 3103, provides that the earnings and accumulations of a wife living apart from her husband shall be her separate property. Paragraph 3104 declares that all property acquired by either husband or wife during marriage, except that acquired by gift, devise, or descent, or earned by the wife while living apart from her husband, shall be common property, and during coverture personal property may be disposed of by the husband only. Paragraph 3106 provides that married women of eighteen years and upward shall have the same legal rights as men of the age of twenty-one and upward, except the right to make contracts binding the common property of the husband and wife. *Held,* that the restriction against a wife's power to contract as to the common property referred to property *in esse* as a tangible asset of the community, and did not limit the wife's power to acquire property during coverture by her personal efforts, and that she was entitled to contract with third persons for services to be rendered, and could therefore recover commissions for the sale of property as a broker.

10. BROKERS—SALE OF PROPERTY—RIGHT TO COMMISSION—PROCURING CAUSE.—Where property was placed in the hands of several brokers for sale, neither having exclusive right to sell, and two or more of them contributed services in procuring a purchaser, only the one who was the immediate and efficient cause of the sale was entitled to commissions.

[As to when broker has earned commission, see note in 139 Am. St. Rep. 225.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

This is an action by A. J. Thoman and Elizabeth Thoman, his wife, for commissions earned by Elizabeth Thoman as real estate broker in procuring a purchaser of some real property

belonging to the estate of E. O. Slocum, deceased. It is based upon a contract with Maude Garver, executrix of the estate, by the terms of which contract it is alleged that Elizabeth Thoman was requested, verbally and in writing, to sell lots 16, 17, and 18 in block 65, city of Phoenix, belonging to the estate, for which services it was agreed Elizabeth Thoman should be paid the fee or commission usually paid to other brokers doing business in the city of Phoenix. There is an allegation of full performance on the part of Elizabeth Thoman, and that a verified claim for commission was filed against the estate of the deceased, which was allowed and approved by the executrix, but subsequently disapproved. The appellant Pascoe alleges in his petition of intervention practically the same contract as alleged by the Thomans; also that he presented his verified claim for commissions to the executrix for approval and allowance, and that it was disapproved. Appellants Garver demurred to the amended complaint of appellee for a misjoinder of parties plaintiff and defendant, and for insufficiency of facts to constitute a cause of action, and denied generally; also a counterclaim for rent. Appellants Garver denied any indebtedness to intervener Pascoe. Trial before the court without a jury. Judgment for appellees for full amount of their demand to be paid in due course of administration. Judgment against the intervener Pascoe. From these judgments and orders overruling motions for new trial, the defeated parties appeal.

Mr. W. H. Stilwell, for Appellants Garver.

Mr. Lysander Cassidy, for Appellant Pascoe.

Messrs. Stanford, Walton & Townsend, for Appellees.

ROSS, J.—The appellees and the intervener have proceeded in the matter of their demands in the manner the statutes require creditors of the estate to proceed in order to collect their demands. Creditors of the estate are persons who are such or become such because of some dealings or transactions with the decedent during his lifetime. Their claims are debts or obligations with which the personal representative had nothing to do originally. The law pro-

vides a method for their verification and approval. Pars. 1743, 1745, 1746, Rev. Stats. 1901.

And should the executor or probate judge (superior judge) reject the claim, the holder thereof may institute suit in a proper court against the executor. Par. 1744, Rev. Stats. 1901. The duty of finding the assets of the estate, of discharging its obligations, of preventing waste, and of carrying out the expressed wishes of the testator must necessarily require financial outlays by the executor. Debts arising in the performance of these duties are classified as expenses of administration. Our statute (paragraph 1851, Revised Statutes of 1901) provides that the executor "shall be allowed all necessary expenses in the care, management and settlement of the estate," including reasonable attorney's fees, and for his services as executor. Paragraph 1878, Revised Statutes of 1901, provides that the executor "may retain in his hands the necessary expenses of administration." Administration expenses are the current expenses incurred by the executor, and are accounted for by him in his current account. While these items of expenditure must be reasonable and proper legal charges, and approved by the court before crediting the executor's accounts, it was never contemplated that they should be subjected to the formal requirements of demand against the estate, or that suit should or could be maintained by the creditor as upon a demand owing from the estate. The services here sued for are expenses of administration, if anything, and are a prior charge upon the assets of the estate. Like other expenses of administration, it must be paid before any of the general debts owing by the estate can be paid. Yet by the judgment of the trial court it is placed in the category of estate obligations, and ordered to be paid in due course of administration. Par. 1753, Rev. Stats. 1901.

If the charge is a proper one, this should not be, for it places the expenses of administration on a footing with general creditors of the estate, and, instead of being made whole in his legitimate expenses, the executor is compelled to prorate with the general creditors where estates are unable to pay their obligations in full. It violates the letter and spirit of paragraph 1878, Revised Statutes of 1901, which provides that the executor "may retain in his hands the necessary expenses of administration."

*Dodson* v. *Nevitt*, 5 Mont. 518, 6 Pac. 358, was a case wherein a clerk of the executor counterclaimed his wages against a suit by the executor for rent due the estate, and that court said: "It does not constitute a claim against the estate within the meaning of the sections of the statute above referred to. It did not exist, as a claim, at the date of the death of the deceased, nor did it grow out of any contract, or act, or omission of his during his lifetime. If the executor had the right to employ a clerk and salesman to take charge of said stock of goods, the pay and compensation for such service belongs to the expenses of administration, and the amount paid therefor properly goes into the accounts of the executor, to be passed upon by the probate judge. In so passing upon said account, the probate judge would inquire into the authority of the executor in contracting for such service, and whether, under the circumstances, the same was rendered in the interest of the estate."

The court in *Gurnee* v. *Maloney*, 38 Cal. 85, 87, 99 Am. Dec. 352, the action being one to recover counsel fees, and for money and services expended for the benefit of the estate, in an opinion by Chief Justice SAWYER, made the same distinction, and, among other things, said: "The charge now in question, if necessary and proper to preserve the estate, comes under the head of expenses of administration. . . . The whole estate is in the custody and under the control of the probate court. It has jurisdiction of the whole subject matter, and it is its exclusive province, subject to appeal to this court, to determine what items of expenditure incurred during the administration under its own supervision are proper charges against the estate."

The fact that our Constitution, section 6, article 6, provides that "the superior court shall have original jurisdiction in all . . . matters of probate" does not alter the situation for, while the probate courts as they existed under territorial rule have been abolished, the procedure in probate matters remains the same. The superior court, in so far as it exercises jurisdiction in matters of estates of deceased persons, is a court in probate. Our probate law was mostly taken from California, where a change from probate courts to superior courts was effected as here and without any change of pro-

cedure. *State ex rel. Young* v. *Superior Court,* 14 Ariz. 126, 125 Pac. 707.

In *Estate of Kruger,* 123 Cal. 391, 394, 55 Pac. 1056, 1057, the matter of allowance of attorney's fees being the question before the court, it was said: ". . . It is well settled that it is within the jurisdiction of the court in probate to fix the compensation which shall be allowed to the attorney of the personal representative of the deceased. (*Gurnee* v. *Maloney,* 38 Cal. 85, 99 Am. Dec. 352; *Sharon* v. *Sharon,* 75 Cal. 38 [16 Pac. 345]; *Henry* v. *Superior Court,* 93 Cal. 569 [29 Pac. 230]; *Pennie* v. *Roach,* 94 Cal. 515 [29 Pac. 956, 30 Pac. 106]; *Estate of Ogier,* 101 Cal. 385, 40 Am. St. Rep. 61 [35 Pac. 900]; *Estate of Blythe,* 103 Cal. 350 [37 Pac. 392]; *In re Levinson,* 108 Cal. 450 [41 Pac. 483, 42 Pac. 479], *supra.*) Indeed, as early as *Gurnee* v. *Maloney, supra,* it was decided that the court in probate not only had jurisdiction to fix the value of the services rendered by an attorney to the administrator on behalf of the estate as an expense of administration, but that the court had exclusive original jurisdiction to adjust and enforce such demand.''

All persons interested in the estate, including the heirs and creditors, are entitled to be heard on the question of the legality and amount of any charge made by the executor for money paid out or contracted to be paid out as expenses of administration, and the place for such a hearing is in the court of probate when the current accounts of administration are presented for allowance. This is true of all expenses incurred by the executor in his administration of the estate. Persons who have contracted with the executor are not authorized to pursue the course to enforce their contracts that is given by statute to parties who contract with the decedent. If the executor refuses to acknowledge and discharge his obligation, he may be sued personally on his contract, and, if compelled to disgorge, he may include the amount in his account current. *Dodson* v. *Nevitt, supra; Gurnee* v. *Maloney, supra.* It follows that the judgment in the case, to the effect that it be paid in due course of administration, is erroneous, and should be vacated and set aside.

The allegations of the complaint and petition in intervention are comprehensive enough to charge the appellant Maude Garver personally on the contract alleged, and, in our

opinion, a judgment against her individually, if supported by the evidence, would have been justified under the pleadings. 18 Cyc. 982. In the event that Mrs. Garver, on a retrial of the case, is held personally liable for the payment of the commission, it may be proper to state that when she presents her account as executrix, if in such account she claims reimbursement therefor, it will then be the appropriate time for the superior court, sitting as a court of probate, to determine whether such item is a proper charge to be allowed as a part of the expenses of administration.

The appellants Garver insist that their demurrer to the amended complaint should have been sustained. The point made is that there was a misjoinder of parties plaintiff, in that the wife Elizabeth was joined with her husband. The allegation is that the contract of brokerage was entered into with the wife, and that she rendered the services. It is a suit for her earnings while living with her husband, and, under the statute, is community property. Par. 3104, Rev. Stats. 1901.

Paragraph 1299, Revised Statutes of 1901, provides, that "every action shall be prosecuted in the name of the real party in interest" and the wife is as much a "real party in interest" as the husband in the common property. Paragraph 1302 provides that the husband shall be joined when the wife is a party in all cases, except where the action concerns her separate property, or when the action is between husband and wife. While it was not necessary for the wife to join in the action, we think it perfectly proper for her to do so. But were we satisfied that it was error for her to join, we still cannot see how the rights of appellants Garver were in the least prejudiced. It was at most a "technical error in pleading," affecting no substantial right of appellants and therefore no ground for reversal. Sec. 22, art 6, Constitution of Arizona.

In *Hackworth* v. *English*, 53 Tex. 488, 495, the court said: "Although under the statute the husband has the right to the sole management of the community property, yet, if he himself chooses to permit a suit therefor to be brought in the joint names of himself and wife, those whose rights are not affected thereby should not complain."

We cannot agree with appellants in their contention that Elizabeth Thoman, being a married woman, was incapable of contracting her services in the manner alleged. Married women have been emancipated in Arizona from many of the disabilities imposed by the common law. Paragraph 3103 mentions the ''earnings and accumulations of the wife,'' and paragraph 3104 speaks of property ''acquired'' by her otherwise than by ''gift, devise or descent.'' Paragraph 3106 provides that ''married women of the age of eighteen years and upwards shall have the same legal rights as men of the age of twenty-one years and upwards . . . except the right to make contracts binding the common property of the husband and wife.''

The restriction against the wife's power to contract concerning the common property, in our opinion, has reference to property *in esse* as a tangible asset of the community, and never was intended as a limitation upon the power of the wife to acquire property during coverture by personal efforts along any of the varied lines of business. She has the same legal right to contract as the man, except that she cannot bind by her contract the common property. Her acquisitions of whatever kind, while living with her husband, except those obtained by ''gift, devise or descent,'' are common property, and when once brought into the community are subject to the control and domination of the husband, except, of course, as provided by paragraph 3104, Revised Statutes of 1901. But her ability and right to acquire property otherwise than by ''gift, devise or descent'' implies the power and right to contract her services. The demurrer was therefore properly overruled.

The trial court made findings of fact. An essential finding to support the judgment against Garver is that the one in whose favor judgment is given really effected the sale. There is no finding that anyone was the procuring cause of the sale, much less the immediate and efficient cause of the sale. Both Thoman and intervener Pascoe claimed commissions, and both claimed to be the efficient cause of bringing about the sale of the property. Neither had the exclusive right to sell the property, as both of them and other brokers had been engaged to find a purchaser. Both may have contributed some service in procuring the purchaser; but both cannot

recover, for the rule is that, where two or more brokers have engaged in bringing about a sale of real property, the one only who is the immediate and efficient cause of the sale is entitled to commissions. *Whitcomb* v. *Bacon*, 170 Mass. 479, 64 Am. St. Rep. 317, 49 N. E. 742. On the retrial of this case, the court should observe this rule as between the claims of Thoman and intervener Pascoe, and, if it is found that commissions should be paid, judgment should be for the one who was the immediate and efficient cause of the sale.

The judgment in favor of appellees Thoman, directing its payment in due course of administration, is in error, as is, also, the judgment against intervener Pascoe, and both judgments should be reversed. The case is remanded, with instructions that the court grant a new trial, and that it proceed against the Garvers as individuals, and not in a representative capacity.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of the procuring cause of sale or exchange when several brokers are employed, see notes in 44 L. R. A. 337; 23 L. R. A., N. S., 164; and 27 L. R. A., N. S., 195.