[Civil No. 2225.  Filed March 4, 1925.]

[232 Pac. 56.]

## J. F. ELLSWORTH, as Administrator of the Estate of WILLIAM S. CROWE, Deceased, Appellant, v. F. C. STRUCKMEYER and I. A. JENNINGS, Appellees.

1. EXECUTORS AND ADMINISTRATORS—FEES OF ADMINISTRATOR'S AT-TORNEYS ARE ADMINISTRATION EXPENSES, ALLOWABLE ONLY ON HEARING IN PROBATE COURT.—Claims of administrator's attorneys for compensation are not subject to formal requirements of, nor subjects of suit as on, demands against estate, but are ad-ministration expenses, determinable only through probate juris-diction of superior court on hearing had when current accounts of administration are presented for allowance.

2. EXECUTORS AND ADMINISTRATORS—PETITION OF ADMINISTRATOR'S ATTORNEYS FOR ALLOWANCE OF COMPENSATION TREATED AS EXCEP-TION TO FINAL ACCOUNT.—Petition for order, requiring adminis-trator to pay for services of his attorneys, must be treated as exception to final account, under Civil Code of 1913, paragraphs 1010, 1011.

3. EXECUTORS AND ADMINISTRATORS—ONLY DEMANDS AGAINST ESTATE ARE CHARGES CREATED BY ACT OF DECEDENT, OR BY STATUTE.—Only demands, which can be made against estate, as such, are those which became charges through some act of decedent, or are expressly made so by statute, as expenses of last illness, funeral costs, etc.

4. EXECUTORS AND ADMINISTRATORS—"ADMINISTRATION EXPENSES" NOT ALLOWABLE AS DEMANDS AGAINST ESTATE.—Administration expenses are merely expenses incurred by administrator or execu-tor on his personal responsibility for preservation of estate, and may be credited to him in his accounts, subject to court's approval of necessity and value of items, but are not allowable as demands against estate.

5. EXECUTORS AND ADMINISTRATORS—ATTORNEY FOR ADMINISTRATOR CANNOT FILE EXCEPTIONS TO ACCOUNT.—Attorney for adminis-trator cannot file exceptions to account, not being interested in estate, but may only sue administrator personally on his contract, though latter may be insolvent.

---

1. Power of administrators to make estate liable for attorney's fees, see note in 93 Am. Dec. 393.

4. See 11 R. C. L. 235.

6. COURTS SHOULD NOT READ EXCEPTIONS INTO ESTABLISHED LEGAL PRINCIPLES, WITHOUT MOST COGENT REASONS.—Courts should not read exceptions into established general principles of law, without most cogent reasons.

7. CONSTITUTIONAL LAW—CHANGE IN LAW FOR LEGISLATURE, NOT COURTS.—Change in law is for legislature, not courts.

8. EXECUTORS AND ADMINISTRATORS—COURT CANNOT ALLOW ATTORNEY'S FEE IN ADMINISTRATOR'S ACCOUNT AGAINST LATTER'S OBJECTION.—Superior court cannot make allowance of attorney's fee in administrator's account, against wish and objection of administrator.

---

See (1, 2) 24 **C. J.**, p. 313, n. 71, p. 314, n. 79, p. 1010, n. 29 New. (3–5) 24 **C. J.**, p. 305, n. 11, p. 313, n. 72, p. 739, n. 67, p. 1008, n. 93. (6) 15 **C. J.**, p. 945, n. 18. (7) 12 **C. J.**, p. 887, n. 38. (8) 24 **C. J.**, p. 972, n. 36, p. 1008, n. 93.

APPEAL from a judgment of the Superior Court of the County of Gila. C. C. Faires, Judge. Reversed and remanded.

Mr. D. L. Cunningham, for Appellant.

Mr. Charles L. Strouse, for Appellees.

LOCKWOOD, J.—On the twenty-ninth day of May, 1922, William S. Crowe died as the result of injuries received by him while in the employ of the Iron Cap Mining Company. J. F. Ellsworth filed a petition for appointment as administrator of the estate of said decedent, in the superior court of Gila county, which was duly granted June 19, 1922. Upon the same day Ellsworth and Mary T. Crowe, who was the widow of deceased, entered into the following agreement with F. C. Struckmeyer:

"Globe, Arizona, June 19, 1922.
"I hereby employ F. C. Struckmeyer to represent me as my attorney for the purpose of recovering damages for the death of William S. Crowe, and I agree to pay my said attorney a sum equal to 25 per cent of the amount collected if tried in court, and, in the event of settlement before trial, I agree to pay

him a sum equal to 20 per cent of the amount recovered.

"[Signed]    MARY T. CROWE.
"[Signed]    J. F. ELLSWORTH."

At that time Struckmeyer was a member of the law firm of Struckmeyer & Jennings, located in Phoenix, Arizona. The firm had a widespread reputation throughout the state as specialists in personal injury cases; the senior member being particularly well and favorably known. Suit was entered against the Iron Cap Company for damages, for the injuries above referred to, by Struckmeyer & Jennings, as attorneys for the administrator, and an offer of settlement for $9,000 was made by the company about November, 1922. This offer was refused by the widow and the administrator; counsel advising them they were of the opinion a greater sum could be obtained by suit.

In January, 1923, Struckmeyer was appointed judge of the superior court of Maricopa county, and was, of course, compelled to withdraw from the practice of law. Immediately thereafter Ellsworth gave notice that he had substituted D. L. Cunningham as attorney for the administrator in the said estate, assigning as a reason therefor that the original employment had been because of the special skill of Struckmeyer himself in cases of this nature, and that he was now unable by reason of his office to further engage in the litigation. Five days later the administrator settled the pending suit for the sum of $9,000. On May 26, 1923, the administrator filed his final account in which he asked for no allowance for attorneys' fees for Struckmeyer & Jennings. June 18th Struckmeyer & Jennings filed their petition asking for an order requiring the administrator to pay them the amount set forth in the contract, being $1,800, on the basis of twenty per cent of the amount of the settlement. The petition was based on the contract and nowhere therein was there a suggestion that a

reasonable allowance, based upon the theory of a *quantum meruit,* should be allowed. The respondents demurred on the ground that the petition did not allege a contract with the partnership, but with Struckmeyer individually, and further that it did not set up a cause of action against the estate, against Ellsworth, either individually or as administrator, or against Mary T. Crowe, as a beneficiary of the estate. Without waiving the demurrers, they answered over, alleging a personal contract with Struckmeyer, for the reasons above set forth, and that, because of his disqualification, they engaged another attorney, for whose compensation an allowance was asked in the final account. In their prayer for relief they asked that the court inquire into the reasonable value of the services rendered by petitioners.

The demurrers were overruled and after a somewhat lengthy hearing the trial court made an order allowing the administrator the sum of $900 on his final account, as expenses of administration, for the services of his attorneys, Struckmeyer & Jennings, and providing that, upon a filing of a supplemental account, the final account would be allowed. From this order the administrator appealed.

Up to and including the filing of the final account the proceedings in probate follow the usual form, but from there on they seem to be of a rather peculiar nature. If we are to treat them as an attempt to establish a claim on contract against the estate as creditors thereof, we are met with the rule laid down in *Garver* v. *Thoman,* 15 Ariz. 38, 135 Pac. 724, that items like these are not of such a nature that they are subject to the formal requirements of demands against the estate, or that suit could be maintained by the creditor as upon a demand owing from the estate. They are, on the contrary, expenses of administration, and are to be treated as other claims

of that nature. It is well settled in this jurisdiction that the only place and the only manner in which claims of this nature can be determined are through the probate jurisdiction of the superior court, and the time for such a hearing is when the current accounts of administration are presented for allowance. *Garver* v. *Thoman, supra; Gurnee* v. *Maloney,* 38 Cal. 85, 87, 99 Am. Dec. 352. We therefore treat the proceedings as they were evidently and necessarily treated by the trial court, if it had jurisdiction at all, as an exception to the final account of the administrator, under paragraphs 1010, 1011, Revised Statutes of Arizona, 1913 (Civ. Code).

Our Probate Code is taken almost wholly from California and our practice has generally followed the rule in that state. There are certain general principles well established, both there and here; one is that the only demands which can be made against the estate, as such, are those which became charges through some act of the decedent, or are expressly made so by statute, as the expenses of the last illness, funeral costs, etc. These follow a certain statutory course of demand, approval, or rejection, and in the latter case they may be sued on in the proper proceeding, the other class of claims which may eventually be paid from the funds of the estate are those called expenses of administration. These, however, are based upon an entirely different theory from those of the first class; in the one case the estate itself is considered as owing the money, in the other there is no such indebtedness. These last referred to claims are merely expenses incurred by the administrator or executor, on his personal responsibility, for the preservation of the estate. He may, it is true, in his accounts, credit himself with the amounts he has expended for this purpose, subject to the approval of the court as to both necessity and value

of the items, but, so far as the estate is concerned, the indebtedness is to the administrator or executor as an allowance and at his request, and not to the individual who has performed the services. *In re Levinson,* 108 Cal. 450, 41 Pac. 483, 42 Pac. 479; *Garver* v. *Thoman, supra.* So far is this true that it is held an attorney for the administrator cannot even file exceptions to an account—a matter always open to the ordinary creditor—upon the ground that the attorney is not interested in the estate. *Briggs* v. *Breen,* 123 Cal. 657, 56 Pac. 633, and 886. Nor can a clerk set off against a debt due the estate any claim for services performed for its benefit at the request of the administrator. *Dodson, Exr.,* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358. But, it may be asked, if one who has performed services for the administrator may not bring suit against the estate as an ordinary creditor, and if he may not appear and except to the account of the administrator, what remedy has he if the administrator without cause refuses to pay him for his services? The answer is given in *Garver* v. *Thoman, supra:*

"If the executor refuses to acknowledge and discharge his obligation, he may be sued personally on his contract, and, if compelled to disgorge, he may include the amount in his account current."

Counsel for appellees, however, contend that, if such be the rule, in many cases the remedy would be useless, as the administrator in his individual capacity might be insolvent, and cite a number of authorities, holding that in such case the attorney may ask for an allowance direct from the estate, on the ground that, since it has received the benefit, it should be liable for the reasonable value of the services. *Knight* v. *Hamaker,* 40 Or. 424, 67 Pac. 107; *Greene* v. *Grinshaw,* 11 Ill. 389; *Crim* v. *England,* 46 W. Va. 480, 76 Am. St. Rep. 826, 33 S. E. 310, and others.

Some of these decisions are from states having an entirely different system of probate laws and while they lay down an excellent general rule of equitable jurisprudence are hardly applicable under our procedure. There are a number, however, which do come from states with similar probate practice, and which are in point, sustaining the rule contended for by appellees; and, if we considered merely the number of authorities, we should be compelled to hold with them. It is a dangerous practice, however, for courts to read exceptions into an established general principle of law and it should not be indulged in without the most cogent reasons. If an attorney may thus go over the head of his administrator to the probate court, so may the real estate agent who sells the property of the estate, or the janitor who keeps up the houses thereon, and each and every expense of administration is made not a matter between the person hired by the administrator and the latter, with the estate interested only in keeping down the amount allowed the administrator in his accounts to a reasonable sum, as is the unquestioned policy of our law, but rather one primarily between the estate and the alleged creditor as to the general value of the services, with the administrator having no particular concern therewith.

The California courts have held, on the very statute from which ours is taken, as we do herein, until the legislature of that state in 1905 made a special exception in favor of attorneys alone, which exception appellees now ask us to declare by judicial decree. It may be that our law should be also amended in this manner, but here, as there, the change is for the legislature and not for us.

We hold, following the principles laid down in the cases of *In re Kruger,* 143 Cal. 141, 76 Pac. 891, and *Garver* v. *Thoman, supra,* that the superior court

has no authority to make an allowance of an attorney's fee in the account of an administrator, contrary to the wish and against the objection of the administrator, and that an attorney employed by the latter, for the benefit of the estate, is not so interested therein as to allow him to except to an account for the purpose of compelling such an allowance.

The order of the superior court of Gila county is reversed and the case remanded.

McALISTER, C. J., and ROSS, J., concur.