218 P.2d 736

**ALBERT et ux. v. GOOR.**

No. 5117.

Supreme Court of Arizona.

May 29, 1950.

Corbin & Orme, of Phoenix, attorneys for appellants.

William C. Eliot and John M. Levy, of Phoenix, attorneys for appellee.

UDALL, Justice.

This is an appeal from a judgment allowing appellee, Benjamin Goor, doing business as Metropolitan Realty and Investment Company, a realtor's commission based upon an arbitration award. The latter brought suit to recover a real estate commission of $4250 claimed to be due him from defendants, Kris G. Albert and Pearl Albert, his wife, who are the appellants herein. The appellants, prior to January 1947, were the owners of certain realty in Tempe, Arizona, known as the Casa Loma Hotel. This property was sold by them on or about January 2, 1947, to Clarence C. Porter and Edith Porter, his wife, for the sum of $87,500. As there were two rival claimants for the brokerage fee which was admittedly due thereon to one or the other, the court on appellants' motion ordered that realtors Harry Whitefield and Albert Whitefield, doing business as Whitefield Realty, be made third party defendants pursuant to the provisions of Sec. 21-446, A.C.A. 1939. By appropriate pleadings both appellee Goor and third party defendants, Whitefields, claimed to have listings for sale (neither of which were alleged to be exclusive) on the hotel property from appellants, and each claimed to have been the procuring cause of the sale to the

216

Porters and therefore entitled to the usual 5% commission thereon.

With the settling of the pleadings the cause became at issue and was set for trial. However, shortly before the trial date all parties litigant in an effort, as they thought, to more speedily settle the controversy entered into a written agreement, dated June 15, 1947, to submit their dispute to arbitration, expressly agreeing to be bound by any award rendered and waiving the right of appeal therefrom. This agreement, signed by all of the parties but Pearl Albert, was drawn by the attorney for appellee without the knowledge of counsel for the other parties, and it contains this clear and unambiguous recitation as to the matters to be arbitrated: "1. All matters connected with the cause of Benjamin Goor, doing business under the trade name and style of Metropolitan Realty Investment Company, Plaintiff, v. Chris G. Albert and Pearl Albert, his wife, Defendants, v. Albert Whitefield and Harry Whitefield, doing business as Whitefield Realty Company, Third Party Defendants; No. 57371, in the Superior Court of the State of Arizona, in and for the County of Maricopa, shall be submitted to arbitration."

Mere reference to the pleadings in the suit makes it crystal clear that the single issue thus submitted to the arbiters was to determine which one of the rival realty firms was entitled to the realtor's commission because of being the efficient, proximate and procuring cause of the sale. Ap-

pellants by their third party complaint alleged that they had not given an exclusive listing to either of the realty firms, admitted that they were indebted for a five per cent commission and stated that they could not safely determine which of said claimants the amount should be paid to.

Thus commissioned the three named arbiters, after conducting two hearings, one in June and the other in September, 1947, made the following award:

"September 21, 1947

"We, the undersigned, after hearing all the facts and testimony with regard to the complaint of Benjamin Goor, trading as Metropolitan Realty Co. against Chris G. & Pearl Albert, former owners of Casa Loma Hotel have decided that the Metropolitan Realty Co. is entitled to a commission of $2250.00 for the sale of said Hotel to Clarence C. & Edith Porter, due to the fact that in our opinion, the Metropolitan Realty Co. still had an exclusive listing verbally, on the aforementioned property. We, therefore, unanimously agreed that Chris G. & Pearl Albert should pay to the Metropolitan Realty Co. the abovementioned sum. We hereby instruct Chris G. & Pearl Albert to pay said sum upon dismissing the present case in court."

Thereafter when appellants refused to abide by the award, appellee filed a supplemental complaint based upon the arbitration agreement and award. To this complaint the third party defendants and the appel-

lants filed their respective answers setting up various defenses. When the cause came on for trial before the court, sitting without a jury, a preliminary motion to require the appellee to elect whether to proceed on his original cause of action or the supplemental complaint was denied, hence, insofar as appellee was concerned the case was actually tried upon both of his theories. However, at the conclusion of all the evidence appellee announced that he elected to stand upon the arbiters' award. Thereafter the trial court, upon the same date, ordered judgment, (1) in favor of Whitefields on their cross complaint against appellants Albert for $4375, thereby necessarily finding that the third party defendants were the procuring cause of the sale, and (2) in favor of appellee Goor and against the Alberts on appellee's supplemental complaint for $2250, thereby confirming the incomplete arbitration award. The two judgments that were subsequently entered amounted in the aggregate to approximately 7½% of the purchase price. The appellants, whose testimony throughout had substantiated the brokerage claim of the Whitefields, have only appealed from the judgment in favor of appellee Goor.

In taking cognizance of appellants' assignments of error we are of the opinion the trial court erred in the admission of testimony, over the objections of the appellants, that there was a prior or contemporaneous oral agreement between the parties to this suit to the effect that the portion of the arbitration agreement regarding the Whitefields' claim for the commission was to be disregarded and ignored by the arbiters. This for the reason that such testimony violated the rule forbidding the admission of parol evidence to vary the terms of a written agreement.

While the appellants have filed lengthy briefs, numerous assignments of error and propositions of law, we are of the opinion that the appeal may be readily determined upon the assignment that the trial court erred in denying defendants' motion for an order dismissing plaintiff's supplemental complaint made at the close of the plaintiff's case and renewed at the close of all the evidence. The principal basis for the motion was that the award was void because the arbiters did not regularly pursue the authority conferred by the written arbitration agreement which required that they determine whether appellee Goor or third party defendants, Whitefields, were the proximate and procuring cause of said sale to the Porters. The determination of this issue was the essence of the arbitration agreement. As a matter of fact if and when the Whitefields were permitted to withdraw from the arbitration proceedings the very purpose of arbitrating the matter was defeated. It is difficult to understand the basis of the award in favor of appellee Goor for $2250 for if he was the sole procuring cause of the sale the award should have been for double that amount. The award being silent

as to Whitefields' claim, we are left in doubt as to whether it was considered, though the record shows both rival claimants for the brokerage commission as well as the sellers and purchasers appeared before the arbiters. In justification of this end result arbitrator Leaf testified that it was their judgment the right thing to do was to split the commission between them, whereas, the others insisted that they considered it to be the intention of the parties they were not to determine the Whitefields' claim at all. This demonstrates that they were laboring under a misapprehension as to the issues before them and the legal effect of the award. Obviously the arbiters were befuddled as to their duty in the premises. All three of them admitted that they had not read the pleadings so as to become advised of the real issues involved. Furthermore the award made is predicated upon a palpable error of law when it recites that appellee Goor had an "exclusive listing, verbally, on the aforementioned property" because such a claim, even if true, would violate the statute of frauds, which defense had been specifically raised by the appellants. The arbiters were bound to follow the law in this respect.

■■■ We have an anomalous situation in that all parties to the lawsuit agreed in writing to substitute common law arbiters for the court as a tribunal to determine who was to receive the 5% real estate commission which the owner and seller of the property admitted was owing, yet as soon

as the arbitration award is made the Whitefields assert they are not bound by the award and ask the court to again assume jurisdiction and determine their rights in the matter. The other claimant, Goor, refuses to elect in the first instance whether to rely on the award which was set forth in his supplemental complaint or to proceed upon his original complaint. Thus according to both claimants there was no finality to the award as made. It is stated in 3 Am.Jur., Arbitration and Award, Sec. 128:

"Finality.—In order to be valid, an award must be full and final on all points submitted, and *this finality must be such as effectually to end present, and prevent future, litigation on the points involved.* Consequently an award which leaves anything for future adjustment, otherwise than by mere mechanical computation or measurement, is not final and cannot be sustained." (Emp. sup.)

The law is also well settled that an award to be valid must be final, complete and co-extensive with the terms of the submission. This rule is stated in 3 Am.Jur., Arbitration and Award, Sec. 122, viz:

*"Scope of Award.*—An award falls within the general rule that acts of arbitrators must be responsive to their authority under the agreement of the parties. It should be coextensive with the submission, and it is held that in order to be final and conclusive, it must embrace everything re-

quired by, and must cover every point included in, the submission. * * *"

The award in question fails to meet either the requirement of finality or completeness. Furthermore there is nothing in the record before us that would sustain or justify the court requiring the appellants to pay more, in the aggregate, than the one commission. Garver v. Thoman, 15 Ariz. 38, 135 P. 724.

We hold that the award was null and void and hence the judgment which was based thereon can not stand.

The judgment is reversed with directions to dismiss appellee Goor's supplemental complaint.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.