BENJAMIN POOLE, administrator, *vs.* ALPHONSO MUNDAY &
others.

An administrator may be allowed in his account for inventoried property which he has
spent or consumed in carrying on in good faith, by the request of all parties interested
in the estate, the business of the intestate after his death.

APPEAL by the administrator of the estate of Thomas P.
Munday, late of Topsfield, deceased intestate, from a decree of
the probate court disallowing his account; heard by *Colt*, J.,
who made a report thereof substantially as follows:

It appeared that there were no creditors, and no persons in-
terested in the account except the widow and the two children
hereafter mentioned. " The principal controversy arose over an
item of $1766.54, for losses in carrying on the butchering busi-
ness. In relation to this item, the appellant offered to prove
that the intestate died in 1862, leaving a widow and two chil-
dren, his representatives and heirs at law ; that one of the chil-
dren, Alphonso Munday, was twenty years and about ten months
old, and the other child was about eighteen years old ; that the
intestate was a wholesale and retail butcher, owning a large
slaughter-house, with all the necessary implements and fixtures,
horses, carts, wagons, harnesses and other articles, together with
a large stock of hogs, sheep, cattle, and meats of various kinds;
that he had been in the business for more than twenty years,
and had established a trade of great value, and which the par-
ties desired should be preserved for Alphonso to take when he
should become twenty-one years old ; that Alphonso had been
employed with his father and knew the details of the business ;
and that Alphonso himself, and the widow and the other child,
and all the other friends and relatives of Alphonso, desired that
the trade, business, good will and custom of the concern should
be preserved for Alphonso."

" The appellant offered also to prove that, on the death of the
intestate, the widow and the children repeatedly and urgently
solicited the appellant to take administration of the estate, and
to carry on and preserve said business until Alphonso should

become of age and could take and carry on the business in his own name and right; and the appellant declined to take administration and carry on said business unless Alphonso would conduct the business, and unless the widow and children would assume the risks of the same; that thereupon the appellant consulted the judge of probate, and understood him to say that the business could be carried on for the estate with the consent of all the parties interested in said estate; that the appellant thereupon took administration of the estate, and an inventory of the estate was made and returned into the probate court; that all the stock, implements and materials used in the butchering business remained in the hands of Alphonso, and he carried on said business, pursuant to the arrangement made between the appellant, the widow and the said child; that Alphonso butchered and sold the cattle on hand at the decease of his father, and bought others and sold the same, and made returns of his said doings to the appellant from time to time; that the business was conducted in this way at the special instance and request of all the parties, in order that the good will and custom should be preserved for Alphonso when he should become of age and could buy and sell in his own name; that Alphonso became of age sometime in January or February 1863; that on March 2, 1863, the appellant, in pursuance of the agreement and arrangement before made by all the parties, sold and conveyed to Alphonso all the stock, tools, utensils and other things belonging to the estate and used in said business; and that Alphonso thereafter carried on the business as it was desired that he should by his mother, sister, and other relatives and ·iends.

" The appellant further offered to prove by Annette Munday, the other child of the intestate, that the arrangement above stated was urgently desired and expressly agreed to by herself and her mother and brother; that since she had become twenty-one years of age she had ratified said agreement and arrangement; that she had assented to the account of the appellant by signing it and waiving all objections to it; and that she desired that the appellant might be allowed in his said account for all

the losses incurred by reason of his carrying on the business as aforesaid.

" The appellant offered to prove further, that the widow specially desired and requested the business to be carried on as it was carried on, at the risk of the estate, for the use and benefit of her son when he came of age; and that she had repeatedly admitted that the business was so carried on at her request, and that the estate was liable for all the losses suffered while it was so carried on.

" And the appellant finally offered to prove that Alphonso specially requested the appellant to carry on the business as aforesaid till he should become twenty-one years old and could buy and sell; that he agreed to purchase all said property when he became of age and could make contracts binding upon himself; that when he became of age he purchased and took all said property as had been agreed upon, and at the same time ratified and confirmed all that had been done by the appellant in carrying on the business; and that since that time he had admitted in many different forms, and to many different persons, that the appellant carried on said business at the request of himself, his mother and sister, for said estate and at the risk of said estate, and that said estate was liable for the losses made while the appellant was carrying on said business.

" The judge declined to receive this evidence; ruled as matter of law that the administrator could not prove such an item in his account; and reserved the case upon the above offers for the consideration of the full court, the case, after the determination of the full court as to the principles under which the account should be made up, to be referred to an auditor to state the account upon the principles to be settled by the court."

*J. W. Perry*, for the appellant.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the appellees.

Colt, J. An administrator who, in a particular transaction, acts in good faith, under the direction of all the personal representatives who are interested in the estate, is to be protected, in rendering his accounts in the probate court, from a claim, on the part of such representatives, that he has not administered

strictly according to law in respect to such transaction. He may prosecute or defend suits, compromise claims upon the estate, or deal with the assets in a particular way, not usual or strictly legal; as by continuing the property in business; and the personal representatives, by whose request or assent it has been done, will not be permitted to charge him with maladministration.

Whether the administrator has acted in good faith, and by the consent or with the approbation of those interested, is open to inquiry, when he is called on to account. Thus, although he produces the receipts of all the heirs, acknowledging that he has paid them their distributive shares in full, yet he may be cited to render and settle his account, in order that the parties interested may show that the receipts were improperly obtained, and that the distributees ought not to be barred by them. *Bard* v. *Wood,* 3 Met. 74.

In the case at bar, there were no creditors, and no persons interested in the administrator's account but the widow and two children, at whose request and for whose benefit it is alleged that the property was continued in business. The evidence offered by the appellant should therefore have been received and considered by the probate court; and the case must be sent to an auditor to state the account upon the principles here recognized. *Brazer* v. *Clark,* 5 Pick. 96, 103. *Cowdin* v. *Perry,* 11 Pick. 503, 512. *Ordered accordingly.*