THOMAS GRACE, Appellant, *vs.* DANIEL P. SEIBERT, Appellee.

*Opinion filed June 18, 1908.*

1. EXECUTORS AND ADMINISTRATORS—*an executor de son tort has none of the rights of an executor.* An executor *de son tort* cannot deny the representative character which he has assumed, and on that account he has all the liabilities of an executor but acquires none of the rights and privileges which belong to that office.

2. SAME—*executor is not authorized to carry on business of deceased.* An executor *de son tort* has no authority to take possession of the stock of goods belonging to the deceased, continue the business and bind the estate by leasing the building for a term of years in order to carry on the business, as such acts are beyond the authority of an administrator or executor properly appointed.

3. LANDLORD AND TENANT—*lease not signed by proposed lessee is not binding without acceptance.* A lease not signed by the proposed lessee and which is for a term to begin in the future is not binding without its acceptance by him as a lease, and if he dies before the term is to begin, one who assumes, without authority, to act as his executor has no power to make such acceptance.

4. SAME—*when tenancy of executor de son tort is from month to month.* Where a person, as executor *de son tort,* takes possession of his deceased brother's stock of goods and continues to carry on the business, paying rent at the rate fixed in a lease signed by the lessor, only, and which is for a term of years which did not begin until after the death of the proposed lessee, the tenancy of the executor *de son tort* is from month to month.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

ALEXANDER SULLIVAN, and BURTT, KRIETE & KRIETE, for appellant.

WICKETT, MEIER & BOOTH, (D. S. WEGG, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Thomas Grace, is the owner of the premises known as 1259 Garfield boulevard, in Chicago. In March, 1904, Walter G. Seibert, brother of the appellee, Daniel P. Seibert, purchased a stock of drugs then in the store room on the premises and took possession. Some time in that month the appellee wrote the following instrument, which was signed by appellant in the presence of Walter G. Seibert and was then delivered to appellee:

"I, Thomas Grace, do agree to rent to Walter G. Seibert my store room, No. 1259 Garfield boulevard, for five years from the first day of May, 1904, the first year at $55 per month, the next four years at $60 per month, with privilege of three (3) years more at not over $70 per month. I also agree to pay all water taxes and plate glass insurance, except for faucet for fountain, and to heat the building with steam.

THOMAS GRACE."

Walter G. Seibert carried on the drug store until April 7, 1904, when he was killed. Appellee took possession and carried on the business and paid the rent to appellant at the rate fixed by said instrument, from month to month, until March, 1906, when appellant gave notice that the tenancy of appellee would terminate March 31, 1906. The store room not being surrendered, this suit was brought before a justice of the peace in forcible detainer by appellant against appellee. Plaintiff was defeated before the justice and appealed to the circuit court, where the case was tried without a jury, and there was a finding and judgment in his favor for the possession of the store room. The Branch Appellate Court for the First District reversed the judgment without remanding the cause, (one of the judges dissenting,) and the court incorporated in its judgment the following finding of facts: "And the court, upon the allegations and proofs in the record of this cause contained, doth find that the instrument in writing set forth in the bill of exceptions

herein, and therein designated 'Defendant's Exhibit A,' was executed by the plaintiff and appellee, Thomas Grace, at the request of one Walter G. Seibert therein named, and delivered by the plaintiff to said Walter G. Seibert, for the term and upon the rental therein specified, and that said instrument was then and there accepted by Walter G. Seibert as and for such lease from the plaintiff to him; that said lease remains in full force and the term thereby created is still outstanding and undetermined; that said Walter G. Seibert departed this life April 7, 1904; that defendant and appellant, Daniel P. Seibert, immediately after the death of said Walter took possession of the store room mentioned in said instrument, 'Exhibit A,' and of the stock of goods of said Walter then contained therein, and continued to sell from the said stock of goods, and thereby became executor *de son tort* of said Walter G. Seibert; that the possession of said store room by the defendant was at all times possession by him as executor *de son tort* of Walter G. Seibert, and that there was not at any time a letting of said store room by plaintiff to the defendant from month to month."

In our opinion the facts found by the Appellate Court did not authorize the judgment entered. The court found that Walter G. Seibert died before the beginning of the term mentioned in the instrument; that the defendant immediately afterward took possession of the store room and stock of goods and continued in possession, selling from the stock, and thereby became executor *de son tort* of said deceased. An executor *de son tort,—i. e.,* executor of his own wrong,—is a person who without any authority intermeddles with the estate of a decedent and does such acts as properly belong to the office of an executor or administrator, and thereby becomes a sort of *quasi* executor, although only for the purpose of being sued or made liable for the assets with which he has intermeddled. (*Rohn* v. *Rohn,* 204 Ill. 184; 18 Cyc. 1354; 11 Am. & Eng. Ency. of Law,—2d ed.—1342.) Having assumed a representative

character he cannot deny it, and on that account has all the liabilities of an executor, but he acquires none of the rights or privileges which belong to the office. When defendant took possession the time for the term to begin had not arrived. The paper was not executed by Walter G. Seibert and would not have been binding upon him without acceptance. The evidence from which the Appellate Court found that the instrument was accepted as a lease consisted of the fact that it was written by the defendant in the presence of Walter G. Seibert and was handed to the defendant, and that Walter G. Seibert made no objection. It was for a term to begin in the future, and Walter G. Seibert did not take or hold possession under it but died before the term was to begin. It would have been a question for an executor in fact whether taking possession under the instrument would be likely to prove beneficial to the estate or not. An administrator or executor would not have been authorized to leave the stock of drugs in trade or business or to carry on the drug store. Such an enterprise would have been beyond the scope of the functions of an executor. To engage in business with the assets of an estate is regarded as a breach of trust, so that the law will charge an executor who does so, with losses, and will not allow him to receive any profits. It would have been the duty of an executor to close up the estate as required by law, and he could not have bound the estate for a term beginning after the death of Walter G. Seibert and continuing for five years. If the defendant had been an executor in fact he would have had no right to carry on the drug store, and as executor *de son tort* he merely became liable for the assets which he took into his possession. Undoubtedly he had such possession of the property as he might have defended against a mere trespasser or a wrongdoer, to the end that he might account for the assets and property. He could have recovered from those dealing with him the price of drugs or the assets of the estate sold by him, and could have done the things

235—13

which proper diligence would have required of an executor. (*Riley* v. *Loughrey,* 22 Ill. 98; *Cross* v. *Carey,* 25 id. 562; *Rohn* v. *Rohn, supra.*) Defendant, as executor *de son tort,* could not lawfully have performed the acts upon which he bases his defense. He had not been in the employ of his brother, but came there the next day after the death of his brother and took possession without any lawful authority, and his payment of rent monthly created a tenancy from month to month. We do not regard the fact that he was executor *de son tort* sufficient to justify the judgment of the Appellate Court. Assuming the facts to be as found by the Appellate Court, the law was not correctly applied to such facts.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*