GILBERT, Appellant, v. HANSON, Respondent.

(205 N. W. 704.)

(File No. 5324.    Opinion filed November 9, 1925.)

1.    Executors and Administrators—Equity—Contracts—Decedents—Specific Performance—Conveyance by Executrix on Order of County Court Authorizing Reformation of Contract Made by Deceased and Conveyance Thereunder Held Proper.

Where decedent, if he had lived, could have been compelled to reform contract containing wrong description of real property and make conveyance as reformed, conveyance by executrix on order of county court authorizing conveyance as corrected should not be declared void as requiring first obtaining of decree of reformation in court of equity, since same result was accomplished without court proceeding.

2.    Appeal and Error—Vendor and Purchaser—Conveyance of Real Estate by Executrix Under Contract Made by Deceased, During Pendency of Appeal From Her Appointment, Held Proper.

Conveyance of real estate by executrix under contract made by deceased while appeal from her appointment was pending

held not void, in view of Rev. Code 1919, Sec. 3560, where county court had made entry of record that preservation of estate required that letters issue notwithstanding appeal.

Appeal from Circuit Court, Brown County; Hon. W. F. Eddy, Judge.

Action by C. E. Gilbert against H. C. Hanson. From a judgment for defendant, plaintiff appeals. Reversed.

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.
*Campbell & Fletcher,* of Aberdeen, for Respondent.

(1) To point one of the opinion, Appellant cited: Blackman v. Mulhall, 19 S. D. 534, 104 N. W. 250; Sec. 3173, R. C. 1919; Thompson v. Lake Madison Chautauqua Ass'n, 41 S. D. 351, 170 N. W. 578; Bottum v. Kanen, 43 S. D. 534, 180 N. W. 948.

Respondent cited: Travelli v. Bowman, 89 Pac. 347; Jahnke v. Seydel (Ia.), 159 N. W. 986; Sec. 20, Art. 5, Const. of S. D.; Nelson v. Ladd (S. D.), 54 N. W. 809; Arnegaard v. Arnegaard (N. D.), 75 N. W. 797.

POLLEY, P. J. Plaintiff and defendant entered into a contract whereby plaintiff agreed to sell defendant certain pieces of real property, together with certain described personal property, and upon the making of certain deferred payments to convey defendant title thereto. At the time of making the contract plaintiff did not have title to the property, but had a contract for the purchase thereof from one David S. Culbert. This fact was known to defendant when he entered into the contract with plaintiff, and defendant agreed to accept a conveyance directly from Culbert. In the contract between plaintiff and defendant the property involved was described exactly as it was in the contract between plaintiff and Culbert, but upon an examination of the abstract of title it was learned that there was an error in the description of one of the pieces of property in both contracts. Upon learning this fact defendant immediately served plaintiff with a written notice of rescission of the contract. He vacated the real property, and in his notice of rescission offered to return to plaintiff everything he had received from plaintiff under the contract, and demanded that plaintiff pay back the money that had been paid to plaintiff pursuant to the terms of the contract. Thereupon plain-

tiff commenced this action for the purpose of so reforming the contract as to make it describe the property that plaintiff and defendant intended to describe when they made the contract.

Prior to the discovery of the mistake in the contracts Culbert had died, leaving a will, and his executrix had petitioned the county court for an order authorizing her to make the conveyance called for in the contracts. Before action was taken by the county court on this petition the mistake in the description of the property was discovered. Thereupon another petition, correctly describing the property, was filed in said court and an order entered directing the conveyance accordingly.

So far as the mistake in the description of the property in the contract between plaintiff and defendant is concerned, there can be no question of plaintiff's right to a reformation. The property intended to be described was a piece of land 250 feet square. It was inclosed by a substantial fence, and occupied by a dwelling house, a large barn, and other buildings. Defendant was familiar with the place, and went into possession thereof immediately after making the contract. He continued to occupy the place for more than a year, and no question of the identity of it was ever raised. But it is contended by defendant that in entering the order authorizing the executrix to convey the property the county court exceeded its jurisdiction. This contention questions the power of a county court to enter any order in which the title to or boundary line of any real property is involved, and, literally construed, it is doubtful if section 2114, Rev. Code 1919, does not prohibit a county court from making any such order. But ,if so construed, a county court could not order a sale of real property to pay the debts of an estate, nor authorize a conveyance pursuant to a contract made by a decedent, nor make a decree of distribution of an estate consisting wholly or partly of real estate. But, as we view this record, it is not necessary to determine this question of jurisdiction.

[1] Under the facts as shown by this record Culbert, if he had lived, could have been compelled to reform his contract with plaintiff, and to carry out its terms as reformed. Likewise his personal representatives could have been compelled to reform the contract and to have carried out its terms as reformed. But, had Culbert lived, he could have carried out the contract according to

the intention of the parties without a reformation, and no good reason has been suggested why his executrix cannot do the same. Of course, if she made a conveyance that could not properly be authorized by the county court, it could and would be set aside upon proper showing. But in this case no reason has been suggested why the conveyance made by the executrix should be declared void, except to obtain a decree of reformation in a court of equity and then procure an order from the county court authorizing the conveyance—all to accomplish what had been done willingly and without any court procedure whatever.

[2] But it is contended by defendant that the executrix was without authority in this matter because her appointment as executrix had been contested; that an appeal had been taken from the order appointing her; and that such appeal was still pending at the time the conveyance was made. It is true there was such a contest, and an appeal was pending at the time the executrix made the conveyance, but the conveyance is not necessarily void because of this fact. By section 3560, Rev. Code 1919, it is provided that—

"An appeal from a decree or order admitting a will to probate, or granting letters testamentry, or letters of administration, does not stay the issuing of letters where, in the opinion of the county judge, manifested by an entry upon the records of the court, the preservation of the estate requires that such letters should issue. But the letters so issued do not confer power to sell real property by virtue of any provisions in the will, or to pay or satisfy legacies, or to distribute the property of the decedent among the next of kin, until the final determination of the appeal."

The county court made an entry of record to the effect that the preservation of the estate required that letters testamentary should issue, notwithstanding the said appeal. The letters testamentary so issued clothed the testatrix with full executory powers, except those powers enumerated in section 3560, which do not include the conveyance of real property pursuant to a contract made by the decedent.

The ground upon which defendant attempted to rescind his contract with plaintiff, as alleged in his notice of rescission, was that plaintiff was unable to convey merchantable title to the real property involved, but, under the evidence in the record and the

findings of fact made by the trial court, we are of the opinion that plaintiff could deliver merchantable title and that he was entitled to the relief prayed for in his complaint.

The judgment and order appealed from are reversed.

CAMPBELL, J., not sitting.

Note.—Reported in 205 N. W. 704. See, Headnote (1), American Key-Numbered Digest, Executors and Administrators, Key-No. 397, 24 C. J. Sec. 1715; (2) Appeal and Error, Key-No. 442, 3 C. J. Sec. 1385.