## HORNING *v.* MOYER.

[No. 14,584.   Filed April 20, 1933.]

*Raymond A. Brooks* and *David F. Brooks,* for appellant.

*Plummer & Plummer,* for appellee.

DUDINE, J.—Appellant, sole heir of one W. C. Horning, deceased, filed suit against appellee on a note given to said W. C. Horning by appellee.   The complaint consisted of two paragraphs, the first being based on the note and the second being based on the same note and on a mortgage given to the administrator of the estate of said decedent, by appellee.

Appellee filed answer in four paragraphs and a counterclaim in one paragraph.   The first paragraph of answer was a general denial; the second, a plea of payment; the third, a plea of satisfaction on the theory that in consideration of service performed by her, said decedent

had released her from liability on said note; and the fourth paragraph of answer pleaded estoppel on the theory that "plaintiff falsely and fraudulently represented . . . that said note . . . was paid by reason of the services rendered by this defendant . . . that as a consequence of said fraudulent . . . representations this defendant failed and neglected to file a claim for her services against the estate of said decedent," until said estate was fully administered. The cross-complaint alleged services rendered to the plaintiff as his attorney in fact in the settlement of said estate, and in the selling of real estate which plaintiff inherited from said estate.

Appellant filed a reply in two paragraphs to the counterclaim, the first being a general denial, the second alleging that appellee was unfaithful in her trust as his attorney-in-fact.

Upon the issues formed by these pleadings the cause was submitted to the court for trial without the intervention of a jury. The court, upon request duly made, made a special finding of facts, and rendered conclusions of law that appellant recover on the note, that appellee recover on her counterclaim, and that appellant take nothing under the mortgage. Appellant duly excepted to the conclusions of law, and filed a motion for new trial, which was overruled by the court. Appellant appeals to this court from the judgment rendered.

The errors relied upon for reversal, which are discussed in appellant's brief, are that the court erred in overruling the motion for new trial, and that the court erred in its conclusions of law on the facts found. The only ground of the motion for new trial which is discussed in appellant's brief is that the decision of the court is contrary to law.

The court found that the administrator presented said note to appellee for collection, that she showed the administrator a written instrument executed and delivered to

her by decedent, the substance of which was, that in event of his death, said note should not be collected; that thereupon correspondence was held with appellant in which appellant was asked to accept said note in distribution of said estate, in lieu of proceeds therefrom, and appellant did agree, and did execute and deliver a receipt for said note at its full face value. The court further found, "That pending said agreement to accept said note the administrator asked and urged the defendant to execute to him a mortgage on her real estate to protect him, said administrator, pending the procurement of such acceptance of said note as a part of his distributive share by the plaintiff in lieu of the proceeds thereof; and agreed upon such acceptance to release said mortgage; that upon said conditions the defendant executed to the administrator the mortgage . . . and upon no other or different consideration; that said receipt and agreement of the plaintiff was not received until after the execution of said mortgage; that upon the plaintiff's return from South America, said administrator assigned and delivered to the plaintiff the note in suit, and that at the time or approximately that time, released said mortgage of record *on the authority and direction of the plaintiff* (our italics) and pursuant to said agreement by the administrator with the defendant at the time of its execution."

Appellant contends the administrator was without power to release the mortgage.

The question of the sufficiency of the evidence to sustain the findings of fact is not presented, hence we may assume that the evidence was sufficient to sustain the finding of fact that the administrator released said mortgage "on the authority and direction of the plaintiff," as is stated in the findings. If appellant authorized and directed the administrator to release the mortgage, it would certainly be inequitable to permit

him to complain because of its release by the administrator.

In *Poole* v. *Munday* (1869), 103 Mass. 174, 176, the court said, "An administrator who, in a particular transaction, acts in good faith, under the direction of all the personal representatives who are interested in the estate, is to be protected, in rendering his accounts in the probate court, from a claim, on the part of such representatives, that he has not administered strictly according to law in respect to such transaction. He may prosecute or defend suits, compromise claims upon the estate, or deal with the assets in a particular way, not usual or strictly legal; as by continuing the property in business; and the personal representatives, by whose request or assent it has been done, will not be permitted to charge him with maladministration." See discussion of this point in 40 L. R. A. (N. S.) 234, note.

In Woerner's, The American Law of Administration, third edition, Vol. 2, p. 1025, appears this statement, "Although they (administrators) make themselves liable by indulging a debtor, yet the legatees, upon whose advice and request the indulgence is granted will not be heard to complain."

We think both of said statements are correct statements of law, and we hold that appellant is estopped from questioning the power of the administrator to release the mortgage.

Appellant contends that appellee was not entitled to any recovery for services rendered said decedent, and cites Burns 1926, Sec. 8045, cl. 2. The findings show that appellee's services *to appellant* were worth $600.00, and it was for these services to appellant that an offset was allowed by the court and deducted from the face of the note. The statute referred to provides that "no action shall be brought . . . to charge any person, upon any special promise, to answer

for the debt, default or miscarriage of another . . . unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith. . . ." Said statute and contention are inapplicable to this case.

Judgment affirmed.