[Civil No. 3362. Filed March 5, 1934.]

[29 Pac. (2d) 1056.]

TOOTLE–CAMPBELL DRY GOODS COMPANY, a Corporation, Appellant, v. ROSE SCORSE KNOTT and Her Husband JOHN DOE KNOTT, E. B. NEWMAN and His Wife, JULIA SCORSE NEWMAN, and JOHN DOE CHAMBERS and His Wife, ELLEN SCORSE CHAMBERS, Doing Business Under the Trade Name and Style of the H. H. SCORSE ESTATE, Appellees.

Mr. Thorwald Larson, for Appellant.

Mr. Sidney Sapp, Mr. C. H. Jordan and Mr. Guy Axline, for Appellees.

LOCKWOOD, J.—Tootle-Campbell Dry Goods Company, a corporation, hereinafter called plaintiff, brought suit against Rose Scorse Knott and her husband, John Doe Knott, E. B. Newman and his wife, Julia Scorse Newman, and John Doe Chambers and his wife, Ellen Scorse Chambers, hereinafter called defendants, alleging that they were doing business under the trade name and style of the H. H. Scorse Estate. The case was tried to the court, and after plaintiff had rested, on a motion of defendants a judgment of dismissal was rendered, and after the usual motion for new trial was made and overruled, this appeal was taken.

The vital issue involved herein is whether the complaint stated a cause of action against the women defendants, as executrices of the estate of Henry Scorse, deceased, for purchases made by them as such executrices on behalf of the estate, when they had no legal authority to do so. It is unnecessary for us to set forth the complaint in full. We are satisfied, upon a careful examination of it, that it alleged only a purchase of the goods in question by them as individuals. It is true that in the second cause of

action it refers to the women defendants as executrices, but nowhere therein does it state that the purchases in question were made by them as such, or were made without authority of law.

It is the undoubted law that when an executor incurs liabilities on behalf of the estate, which he is not authorized by law to create, he is responsible for them individually. But an action attempting to charge him on this theory requires very different allegations from an action which charges him with having incurred the liability in his individual and not his representative capacity, and is subject to very different defenses. If, therefore, the complaint does not state facts which show a liability of this nature, no defense thereto can be pleaded, and no issue joined thereon. The evidence offered by plaintiff showed affirmatively that the indebtedness, on which the action was founded, was not incurred by defendants in their individual capacity. Under those circumstances, defendants moved to dismiss the action, and the court properly granted the motion and rendered judgment to that effect.

Plaintiff contends that it moved to amend the pleadings to show liability on account of illegal acts of the executrices, as such, but that it was denied that privilege. We have examined the record and cannot find any such motion and ruling. The nearest the record comes to showing such a state of facts was a suggestion by plaintiff that he would like to amend, and a statement of the court that if an amendment was allowed there would have to be a continuance of the case. Plaintiff thereafter said nothing further in regard to an amendment. We think this was insufficient to be considered a motion to amend and an overruling thereof.

The second objection is that the formal written judgment signed by the court, is to the effect that, "It is ordered, adjudged and decreed that this action

be, and the same is hereby dismissed *with prejudice"* (italics ours), while the minute entry which, under the decisions of this court, is the real judgment, reads only, "Motion to dismiss is granted." The minute entries also show that the written judgment was presented to the trial judge and, before his signature was attached, was objected to by plaintiff, and the objection overruled. We think, in effect, this might well be considered as an amendment by the court of its rendition of judgment, shown by the previous minutes. But regardless of this, the effect of the first minute entry is the same as that of the written judgment. After a case has been heard on the merits, and is dismissed, unless it is expressly stated that the dismissal is without prejudice, it is presumed to be with prejudice. 34 C. J. 788, and cases cited.

The action being against defendants for purchases made by them in their individual capacity, the judgment of dismissal is a perpetual bar to another suit against them on that theory, but does not bar an action on the theory that they, as executrices, made purchases unauthorized by law, on behalf of the estate of their decedent.

There are a number of other questions raised by plaintiff in its brief, but, while we have considered them, we think it unnecessary to discuss them.

The judgment of the superior court of Navajo county is affirmed.

ROSS, C. J., and McALISTER, J., concur.