THE ANGLO-AMERICAN DIRECT TEA TRADING COMPANY
*vs.* EVELYN IDE SEWARD, administratrix *de bonis non*
with the will annexed.

Middlesex.  October 8, 1935. — May 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Executor and Administrator,* Continuance of business, Personal liability,
Contracts. *Estoppel. Contract,* Consideration. *Sale,* To fiduciary.

An executor is personally liable on a contract (other than a negotiable
instrument) with a third person made by him in the carrying on, by
authority of a license issued under G. L. (Ter. Ed.) c. 195, § 7, of a
business formerly the testator's, if the contract does not exempt him
from personal liability.

One who sold goods to an executor carrying on the business formerly of
the testator by authority of a license issued under G. L. (Ter. Ed.)
c. 195, § 7, was not estopped to enforce the personal liability of the
executor by his knowledge at the time of the sale that the executor
was acting under such license, that the business was in a bad financial
condition, and that the estate was insolvent, it not appearing that
the executor was induced to continue to operate the business or to
purchase the goods in question by fraud, misrepresentation, or other
unfair conduct of the seller.

Sale and delivery of goods to an executor, operating a business formerly
of the testator under license of court, were sufficient consideration for
his promise to pay therefor in his individual capacity.

CONTRACT.  Writ in the Superior Court dated June 9,
1934.

The action was heard by *Collins,* J., without a jury.  There
was a finding for the plaintiff in the sum of $330.29.  The
defendant alleged exceptions.

*F. G. Arey,* (*K. F. Gesmer* with him,) for the defendant.

*F. W. Mowatt,* for the plaintiff.

FIELD, J.  This action of contract on an account annexed
for goods sold and delivered was tried before a judge sit-
ting without a jury.  There was a finding for the plaintiff.
The case comes before us on the defendant's exceptions
to the refusal of the judge to rule as requested.

The defendant is the administratrix *de bonis non* with

the will annexed of Charles M. Ide. Ide was one of the
executors of the will of William T. Abbott. Those execu-
tors were authorized by decree of the Probate Court to
carry on the business of the deceased, which was conducted
under the name of William T. Abbott and Company. This
action is brought to recover the price of tea sold and de-
livered by the plaintiff to William T. Abbott and Company
while the business was being carried on by the executors
of William T. Abbott. The questions raised by the excep-
tions and argued by the defendant relate to the individual
liability of Charles M. Ide.

The judge found specifically that a "contract was en-
tered into by the executors of the estate of William T.
Abbott through their agent to take the tea" referred to in
the declaration. There is no dispute that "all the tea was
purchased of the plaintiff and used by the William T.
Abbott & Company to fill orders of their customers while
the business was being operated by the executors of Wil-
liam T. Abbott under license of court, and was not paid
for. There was evidence tending to show that the plaintiff
had knowledge of the bad financial condition of William T.
Abbott & Company prior to the date of the sale of the
goods; knew that the executors, Mrs. William T. Abbott
and Charles M. Ide, were acting under an order of court;
knew that at the death of William T. Abbott there was
money due it from William T. Abbott & Company and,
further, knew that the executors were operating the busi-
ness in an attempt to sell it as a going business or to liqui-
date it; and knew also that the estate of William T. Abbott
was insolvent and placed this account in the hands of
its attorney. The plaintiff sold goods to the representatives
of William T. Abbott & Company after it learned that the
estate of William T. Abbott was insolvent." There was
also evidence tending to show "that the beneficiaries of
the estate of William T. Abbott as well as the executors
agreed that the business should be operated by the execu-
tors and they signed the petition in the Probate Court
asking the court to allow the executors to operate," and to
show "that the executors were not negligent in the way

they carried on the business," but that they "conducted themselves faithfully, exercised sound discretion and acted in the conduct of the business as men of prudence, discretion, and intelligence managed their own affairs."

The defendant contends that as matter of law (a) a finding "against Charles M. Ide as executor" does not make him liable personally, (b) the plaintiff in all the circumstances is estopped from setting up its claim and (c) there was not sufficient consideration between Charles M. Ide and the plaintiff.

These contentions cannot be sustained.

1. The defendant's first contention is in substance that Charles M. Ide — one of the executors of the will of William T. Abbott — as matter of law was not liable personally on a contract found by the judge to have been "entered into by the executors." But an executor carrying on the business of his testator under authority of a decree of the Probate Court (G. L. [Ter. Ed.] c. 195, § 7) is liable personally to a third person on a contract made with him by the executor in carrying on such business, at least in the absence of an agreement, express or implied, with such third person excluding personal liability of the executor. See *Luscomb* v. *Ballard*, 5 Gray, 403, 405; *Rosenthal* v. *Schwartz*, 214 Mass. 371, 373. This is the rule applicable generally to trustees and like fiduciaries. *Carr* v. *Leahy*, 217 Mass. 438, 440. *Larson* v. *Sylvester*, 282 Mass. 352, 357. And it is not limited to such fiduciaries acting without authority. *Mason* v. *Pomeroy*, 151 Mass. 164, 167. Absence of authority in an executor or trustee to contract might leave the person contracting with him to recourse solely against such executor or trustee personally. *King* v. *Stowell*, 211 Mass. 246, 250. *Hines* v. *Levers & Sargent Co.* 226 Mass. 214, 217. But authority in such executor or trustee to contract would entitle him to allowance in his accounts for losses or expenditures resulting from the contract, subject to the ordinary principles of accounting, and would permit the person contracting with him to resort to the estate, in a proper proceeding, for payment of his claim. *Poole* v. *Munday*, 103 Mass. 174. *Mason* v. *Pomeroy*, 151 Mass. 164, 167. *Mooers* v. *Greene*, 274 Mass.

243, 253–254. The authority to carry on the business of the testator conferred on the executors by decree of the Probate Court went no further. It did not relieve them from personal liability on contracts entered into in carrying on the business. The defendant, however, relies on the principle that an executor or trustee is liable not for mere errors in judgment but only if he acts in bad faith or fails to exercise sound discretion. *Pine* v. *White*, 175 Mass. 585, 590. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 284. This principle defines the duty of an executor, acting within the scope of his authority, to account, but even when his transactions are authorized it does not govern his personal liability to third persons with whom he has contracted in behalf of the estate. No question of an agreement between the executors and the plaintiff excluding personal liability of the executors is here involved. And since this action is not brought on a negotiable instrument, G. L. (Ter. Ed.) c. 107, § 42, is inapplicable.

2. The plaintiff is not as matter of law estopped to assert its claim. Mere knowledge on its part that the business was being carried on by the executors under decree of the Probate Court would not raise such an estoppel. *Larson* v. *Sylvester*, 282 Mass. 352, 359. Nor would such an estoppel be raised by the plaintiff's knowledge of the financial condition of the business of William T. Abbott and Company, the circumstances under which it was being carried on, and the insolvency of the estate of William T. Abbott. Very likely the plaintiff believed that the continued operation of the business would be for its advantage. But there is no evidence warranting a finding that the executors were induced to continue to operate the business or to purchase goods of the plaintiff by fraud, misrepresentation or other unfair conduct of the plaintiff (see *McLearn* v. *Hill*, 276 Mass. 519, 527) which would estop the plaintiff from enforcing the personal liability of the executors. *Donnelly* v. *Alden*, 229 Mass. 109, relied on by the defendant, is materially different. In that case the business of the testator was being carried on by his executors without authority, and persons selling goods to the executors sought unsuccess-

fully to collect from the estate of the testator claims arising out of such sales.

3. Even if we assume that the contention of the defendant that there was no sufficient consideration between Charles M. Ide, individually, and the plaintiff is open under the exceptions, the contention is without merit. The tea — for the price of which this action is brought — though used in the business of William T. Abbott and Company, was sold and delivered to the executors on their personal credit and such sale and delivery were sufficient consideration for their implied promise to pay for such tea.

*Exceptions overruled.*