BUTLER et al., Respondents, v. FANTLE et al., Appellants

(39 N. W.2d 877)

(File No. 9082. Opinion filed November 28, 1949)

Rehearing denied January 24, 1950

**W. W. French, Louis B. French,** Yankton, attorneys for Appellants.

**Max S. Slaughter,** Yankton, attorney for Respondents.

RUDOLPH, J. Plaintiffs, the lessees, seek a declaration of their rights and obligations under a written lease. The provisions of the lease around which this dispute centers are as follows:

"* * * said Lessees covenant and agree to pay to Lessor, as rent for said premises during the term of this lease, the sum of Eighteen Hundred Dollars ($1,800.00) per year, payable monthly at the rate of One Hundred Fifty Dollars ($150.00) in advance on the first day of each month, commencing on April 1, 1944. However, on account of the conditions and emergencies of the present day of war, which have occasioned the absence of so many men from the Yankton community and trade territory, who have enlisted for, or have been drafted into military service, or have departed for employment in war industries and other occupations elsewhere as a result of which the business engaged in by said Lessees has been unfavorable affected, said Lessor agrees to accept as rent for said premises the sum of One Hundred Dollars ($100.00) per month from April 1, 1944, for such period as the business of said Leases shall continue to be unfavorably affected to such extent as to justify such reduction of rent, whether such period shall be for the duration of the war or for a longer or shorter period. Such reduction of rent being in the nature of a concession on the part of Lessor to Lessees. Lessor shall therefore be the sole judge as to the period during which such reduction of rent shall be effecive and his judgment in the matter shall be accepted by Lessees as conclusive and final."

The lease became effective April 1, 1944. In August 1945, Wm. J. Fantle, the lessor, advised plaintiffs that com-

mencing September 1, 1945, the rent would be $125 a month, which amount was paid each month until May 1948. Mr. Fantle died in September 1945. Carrie E. Fantle was appointed executrix of the estate. In May 1948 she demanded rent from the defendants at $150 a month which sum defendants thereafter paid until the termination of the lease. The executrix further demanded that plaintiffs pay the difference between $125 and $150 a month or $25 a month from October 1, 1945 through April 1948. Plaintiffs refused to pay this additional $25 a month as demanded. The trial court held that plaintiffs were not obligated to pay the additional amount. Defendants have appealed.

The trial court determined that the right to be the sole judge of when the rent should be raised did not die with Mr. Fantle, but this right extended to his executrix. No one questions this conclusion upon this appeal. The question presented, therefore, is whether Mrs. Fantle, having accepted the $125 a month rent can thereafter compel the payment of an additional amount. The basis upon which Mrs. Fantle claims the right so to do, is that she had no actual knowledge of the lease provision, and accepted the $125 a month not knowing of her right to demand more. It is conceded in the record that Mrs. Fantle had no actual knowledge of the lease provision.

If, as a matter of law, Mrs. Fantle as the executrix of the Fantle estate is not charged with knowledge of the provisions of the lease, we, nevertheless, are of the opinion that she should be estopped from asserting her lack of knowledge under the facts here presented. Mrs. Fantle, as executrix, was bound by all of the covenants or contract obligations of her decedent. Gilbert v. Hanson, 49 S.D. 10, 205 N.W. 704. This she was obligated to know, and her failure to inform herself of her rights and obligations under the lease is chargeable only to her own neglect. The rent was not to be raised simply by some secret or undisclosed decision by the lessor. The lease clearly contemplated that the rent obligation would be changed only by a notice to the lessees. The lessees having received no notice of an increase in rent from Mrs. Fantle were not obligated to pay more than the amount paid to and accepted each month

by Mrs. Fantle. To now compel plaintiffs to pay more because Mrs. Fantle was derelict in ascertaining her rights, would be, in our opinion, unjust and no doubt work an injury to the lessees. Plaintiffs were conducting a business in the leased premises. The conduct of this business was in part dependent upon the amount of rent plaintiffs were obligated to pay. Plaintiffs cannot now recoup from any source this additional rent should it be allowed to Mrs. Fantle. Plaintiffs having conducted their business on the basis of a rent charge of $125 a month would certainly sustain injury should we allow this claim of rent at $150 a month. We believe all of the elements of an estoppel are present. "A person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has in good faith relied thereon. Such an estoppel is founded on morality and justice, and especially concerns conscience and equity." Security State Bank v. Gannon, 39 S.D. 232, 163 N.W. 1040, 1046.

The judgment appealed from is affirmed.

All the Judges concur.