In the Matter of the Estate of George
E. Connors, Deceased.

William Patrick Connor, also known as Rex Connor,
Appellant, v. Grace M. Allen, as Administratrix
with Will Annexed of Estate of George E. Con-
nors, Deceased, Appellee.

Gen. No. 47,735.

First District, First Division.

October 26, 1959.

Released for publication November 18, 1959.

Musgrave, Ewins, Hanson, and Anderson, of Chicago, for appellant.

Lee, Gieren, and Phelan, of Chicago, for appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

The Circuit court, on a trial de novo upon appeal from the Probate court, denied the motion of plaintiff to set aside an order approving the final report and account of defendant as administratrix with the will annexed of the estate of George E. Connors. From that order of the Circuit court, plaintiff appeals. He seeks to surcharge defendant with the sum of $6933.66 for losses sustained in continuing, without the authority of the Probate court, the operation of a business formerly operated by decedent.

The undisputed facts as they appear from the record follow: George E. Connors died leaving a last will and testament under the terms of which his brother, the plaintiff, was named executor. However, plaintiff was

a resident of New York and could not qualify as executor under the laws of Illinois. He came to Chicago and in conference with an attorney and with defendant, who is his niece, agreed that defendant should be appointed administratrix with the will annexed and that the attorney should act for him and for the estate. The attorney then pointed out to plaintiff and defendant that the decedent a few days before his death had entered into a two-year lease of a cigar stand he had operated. They discussed the advisability of continuing the operation, and it was agreed between them that defendant should operate the stand in her capacity as administratrix with the will annexed. Plaintiff made an inventory, gave defendant $300 to continue operation of the business, and from time to time thereafter inquired how the business was going.

In September, 1957, the administratrix rendered a final account in which she stated that the estate consisted of cash, shares of stock, personal belongings of the decedent, government bonds, and the cigar stand. She further stated that on March 6, 1956, she had filed a petition setting forth that the shares of stock in the estate had reached their highest point since the opening of the estate, and asked the court's permission to liquidate the same, after which the stock was sold in conformity with the order of the court at a substantial profit. However, operation of the cigar stand proved to be a loss and had to be abandoned. Defendant then gave a further account of her acts as administratrix, including the setting up of a trust fund of $15,000 for the benefit of Charlotte Connor, sister of the deceased and of William Connor. The account showed the items received, the distribution of personal property, certain bonds of the federal government, and cash to plaintiff, amounting to $25,000. Plaintiff receipted for all that was due him pursuant to the final account. He had been presented with a copy

of it in advance of the date upon which the same was approved.

Plaintiff relies on Chapter 3, Section 366a, of the Illinois Revised Statutes, 1957, concerning the administration of estates. That statute provides that an executor or administrator shall have authority to "continue the decedent's business during one month next following the date of appointment unless the court directs otherwise, and for such further time as the court from time to time may authorize on petition."

Defendant contends that plaintiff was the sole residuary legatee and the only person interested in or affected by the conduct of the business; that he permitted and directed defendant to operate the business, advancing funds to her for the same at the outset; that plaintiff made no objection to her final report setting forth the losses of the business; that he received and accepted his distributive share, being the entire residue, leaving the estate without funds, thereby waiving any objection he might have had to the final report, and that he is now estopped to make any complaint with respect to losses sustained by the business.

Courts have held that it is the duty of an administrator or executor to close an estate promptly and that he has no right to continue a decedent's business without incurring personal liability, except in compliance with the statute with respect thereto. Grace v. Seibert, 235 Ill. 190, 193; Chicago Title & Trust Co. v. Fine Arts Building, 288 Ill. 142, 149; Nonnast v. Northern Trust Co., 374 Ill. 248, 259; Illinois Revised Statutes, 1957, Ch. 3, Sec. 366a. In none of the cases cited, however, was any agreement made with a legatee who alone was interested in the operation of the business.

■ In the instant case plaintiff by his agreement with defendant that the business should be continued, by his advancement of cash to do so, and by his acceptance of the sum paid to him upon approval of the

final report and account is estopped to complain that defendant operated the business without the formal approval of the court. Plaintiff was the only party in interest and undoubtedly all that would have been needed to secure the court's formal approval to the continued operation of the business was plaintiff's consent.

The Probate Act, Illinois Revised Statutes, 1957, Ch. 3, par. 444, is as follows:

"Notice of Accounting—Effect.) Notice of the hearing on any account of an executor or administrator shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident, or mistake, the account as approved is binding upon all persons to whom the notice was given. No notice need be given to any person from whom a receipt in full is exhibited to the court or who enters his appearance in writing and waives notice. As amended by act filed July 21, 1941. L. 1941, Vol. 1, p. 1."

A legatee who accepts his share of an estate, as shown by the final report and account, after he has had notice thereof together with a copy of the report, cannot challenge an order of court approving the report and account. Kellner v. Schmidt, 237 Ill. App. 428, 433; Marshall v. New Amsterdam Casualty Co. of Baltimore, 318 Ill. App. 636 (not published in full, p. 19 of the opinion); In re: Black's Estate, 32 Mont. 51, 79 Pac. 554. In Marshall v. New Amsterdam, supra, the court said:

"The authorities in this state are uniformly to the effect that a party to a decree cannot avail himself of those parts of the decree which are beneficial to him and thereafter prosecute an appeal to reverse the

part of the decree which is unfavorable. If he accepts the benefits he is held to have released the errors concerning which he would complain, and to have ratified the decree in its entirety."

■■ Error is charged by plaintiff in that the Probate court entered an order directing that certain depositions be *not* taken. Plaintiff's attorney had notified defendant that he desired to take the depositions of plaintiff and an attorney in New York City. Defendant in a petition addressed to the court showed to the court that she had no funds with which to go to New York to attend the taking of the depositions, nor to pay an attorney a fee for so doing; that plaintiff was well able to come to court in Chicago with his attorney and to give testimony. Supreme Court Rule, 19—5, subsection (2) provides as follows: "After notice is served for taking a deposition, on motion seasonably made by any party or by the deponent, for good cause shown, a court may order that the deposition not be taken . . . ." We take judicial notice that the flying time between New York City and Chicago was approximately three hours. There is no adequate showing of plaintiff's inability to make that trip. In our opinion the trial court exercised proper discretion in ordering that the depositions be not taken.

The order of the trial court is affirmed.

Affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.