371 P.2d 350

**GRAYBAR ELECTRIC COMPANY, Inc.,**
a corporation, Appellant,

v.

**Betty. McCLAVE, individually, and as Executrix of the Estate of Jesse Garrett Simmons, deceased, Appellee.**

No. 6837.

Supreme Court of Arizona.

En Banc.

May 2, 1962.

Evans, Kitchel & Jenckes, Phoenix, for appellant.

Kenneth Samuel Scoville, Phoenix, for appellee; Robert J. Spillman, Phoenix, of counsel

STRUCKMEYER, Justice.

This is an action by Graybar Electric Company, Inc., a corporation, against Betty McClave, individually and as executrix of the estate of Jesse Garrett Simmons, deceased, on a claim for the value of electric supplies sold upon open account. At the conclusion of appellant's case the court below directed a verdict in favor of appellee individually. From the judgment thereon and from the denial of a motion for new trial this appeal has been taken.

Jesse Garrett Simmons, deceased, brother of appellee, prior to his death on July 23rd, 1955, owned and operated an electric supply company and engaged in electric contracting under the business name of "Simmons Electric Company". Appellee from 1953 until the death of Jesse Garrett Simmons operated the business in the capacity of general manager. After Simmons'

death appellee was appointed special administratrix of his estate with the power to operate the business for its preservation and subsequently when the Last Will and Testament of Jesse Garrett Simmons, deceased, was admitted to probate, appellee was appointed executrix of his estate. No request was made under A.R.S. § 14–542 for authority to continue the operation of the business nor was appellee so authorized by will; nevertheless, she continued to carry on the business of the Simmons Electric Company in the same manner as she had as special administratrix and, seemingly, as it had been conducted prior to Simmons' death. On June 7, 1957, the superior court in the probate cause approved appellee's acts in carrying on the business of the estate and found that the obligations incurred by appellee in operating the business were obligations of the estate and not personal obligations of appellee. Appellant was not a party to the hearing when such finding was made and did not receive personal notice thereof.

Graybar Electric Company, Inc. commenced this action for $5,542.07 on January 28th, 1957, the balance due on goods and merchandise delivered after the appointment of appellee as executrix of the Simmons estate. This appeal by Graybar Electric Company, Inc. questions the correctness of the action of the court below in its judgment that appellee was not personally liable for the indebtedness arising out of the transactions between Graybar Electric Company, Inc. and the estate in carrying on the business of the Simmons Electric Company after the death of Jesse Garrett Simmons.

In our examination of the controlling law applicable we have reached certain conclusions which need be no more than perfunctorily stated since they are so universally recognized. It is a rule that the duty of an executor or administrator of an estate is to wind up the affairs of a decedent for the benefit of the heirs and creditors. In re King's Estate, 19 Cal.2d 354, 121 P.2d 716; In re Connor's Estate, 23 Ill.App.2d 240, 161 N.E.2d 871; Root's Estate v. Blackwood, 120 Ind.App. 545, 94 N.E.2d 489. It is considered a breach of trust to carry on a trade or business on behalf of an estate at least where not authorized by will or the probate court. Grace v. Seibert, 235 Ill. 190, 85 N.E. 308, 22 L.R.A.,N.S., 301; Wrenne v. American Nat. Bank, 183 Tenn. 247, 191 S.W.2d 547. Hence, an executor or administrator may be held personally liable as a breach of trust for debts which would cause a diminution in the assets of an estate if he continues the operation of the business. Carter v. Carter, 247 Ala. 409, 24 So.2d 759; First National Trust & Savings Bank of San Diego v. Industrial Accident Commission, 213 Cal. 322, 2 P.2d 347, 78 A.L.R. 1324. As has repeatedly been said he engages in business with the assets of the estate at his peril.

However, the principle that a personal representative may not engage in business with the assets of his decedent's estate is not an absolute. It is well established that executors and administrators are bound by the covenants and contractual obligations of their decedents that are not personal in nature. In re Stormer's Estate, 385 Pa. 382, 123 A.2d 627; Whipple v. Rhode Island Hospital Trust Co., 155 A. 587 (R.I.1931); Cates v. Cates, 268 Ala. 6, 104 So.2d 756; Butler v. Fantle, 73 S.D. 162, 39 N.W.2d 877. So, if a personal representative does not carry out the contracts of his decedent the other party has a remedy by way of a claim for damages. Dumont v. Heighton, 14 Ariz. 25, 123 P. 306, 39 L.R.A.,N.S., 1187.

In the instant case the business of Simmons Electric Company was that of electrical contracting. Supplies for the completion of these contracts were purchased on open account from appellant on the same or nearly the same business arrangements as had existed prior to Simmons' death. Building contracts do not generally require performance in person. In re Burke's Estate, 198 Cal. 163, 244 P. 340, 44 A.L.R. 1341; In re Stormer's Estate, supra. Therefore, the continuation of the jobs in progress was consistent with winding up the affairs of the estate and the purchase of electric supplies for the completion of such jobs could have been found by the court below as valid charges against the assets of the estate and not a personal charge against the executrix under the rule that executors and administrators are bound by the covenants or contractual obligations of their decedents.

While there is no direct testimony and no distinction has been drawn by the parties hereto, there is an implication arising from the volume of business carried on that appellee entered or caused to be entered into by the Simmons Electric Company other electric contracts subsequent to the death of Jesse Garrett Simmons. As to such appellee would ordinarily engage in them at her peril being expenses incurred on her personal responsibility for preservation of the estate and subject to approval of the court as to necessity and value. Ellsworth v. Struckmeyer, 27 Ariz. 484, 232 P. 56. But we think appellee raised a defense which is a complete answer to appellant's claim against her personally.

Appellee raised as a defense estoppel by acquiescence or what is often called quasi estoppel.

"There are certain principles recognized which are somewhat analagous to estoppel and which are sometimes described as a quasi estoppel. There the conscience of the court is repelled by the assertion of rights inconsistent

with a litigant's past conduct." Unruh v. Industrial Commission, 81 Ariz. 118, 120, 301 P.2d 1029, 1031.

As stated, the line of credit extended to the Simmons Electric Company prior to Simmons' death was afterwards continued even though appellee as executrix was not authorized to carry on the business either by will or by order of court in the probate cause. From time to time through November 19th, 1956, or for a period of nearly seventeen months, payments were accepted by appellant on the open account from the funds of the estate. These payments ultimately totaled in excess of $50,000.

■ Appellant's claim that appellee is personally liable for the balance due on the open account because of unauthorized continuation of the business is to say the least strikingly inconsistent with its prior acceptance of payments of estate funds. The application of the funds of the estate by appellant to the account could only have been lawful if it was an expense of administration entitled to a priority over general creditors. Graver v. Thoman, 15 Ariz. 38, 135 P. 724. The assertion now of a claim against the executrix personally for the balance due on the account is a complete repudiation of appellant's former position and stamps the transaction from the inception with the taint of wrongdoing. Were we to hold that appellee is personally liable it would necessarily be on the basis that the investment in electric supplies was a misappropriation of the estate's funds for which not only appellee is individually liable, Tootle-Campbell Dry Goods Co. v. Knott, 43 Ariz. 210, 29 P.2d 1056, but for which appellant is subject to a similar liability. Stark v. National City Bank of New York, 278 N.Y. 388, 16 N.E.2d 376, 123 A.L.R. 99.

In resisting the defense of estoppel appellant places its principal reliance on Anglo-American Direct Tea Trading Co. v. Seward, 294 Mass. 349, 2 N.E.2d 448. Whatever may be the merits of the decision of the Massachusetts court we think it sufficient to say that the factual situation here presented of continuously accepting funds of the estate as payment on the account was not there present. Appellant will not be permitted to blow both hot and cold.

For the foregoing reason the judgment of the court below is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and LOCKWOOD, J., and E. R. THURMAN, Judge, concur.

NOTE: The Honorable RENZ L. JENNINGS being disqualified, The Honorable E. R. THURMAN, Judge of the Superior Court of Maricopa County, was called to sit in his stead.